# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) Case No. 1:21-cr-138 |
|  | ) |
| AARON MOSTOFSKY, | ) **Judge James E. Boasberg** |
|  | ) |
| Defendant. | ) |

**DEFENDANT MOSTOFSKY'S MOTION TO COMPEL PRODUCTION OF DEVICE**

Defendant Mostofsky, through his counsel, files this motion to compel the production of his mobile phone, pursuant to Federal Rule of Criminal Procedure 16. The government's handling of this issue has been significantly misleading and inappropriate.

In the last status conference on June 25, Mostofsky advised the Court that although he was indicted in February, he still had not received a copy of the content from his seized mobile phone. The Court will recall that the government attempted to put the content on a hard drive but that the drive does not function properly and the data cannot be accessed. In addition, while the government has produced certain chats and audio files from the device, they are just a selection made by the government and are also cumbersome to review on the government's discovery website. Accordingly, Mostofsky requested that the government return the phone itself. The third Assistant U.S. Attorney assigned to this matter sent Mostofsky's counsel the template form used by the U.S. Attorney's Office for this district to negotiate the return of a seized device before trial. It is attached as Exhibit 1.

The "standard" device return form requires the defendant to waive certain evidentiary objections at trial in order to secure the return of his property. Exh. 1. However, it is ambiguous

1

as to whether, after signing the form, the defendant may object that an "image" used by the government at trial was not actually extracted from his device. Mostofsky raised this ambiguity during the June 25 hearing. Afterward, counsel wrote to the AUSA as follows:

> You'll recall that Judge Boasberg said it was reasonable to clarify in the phone return stipulation that a defendant does not waive the right to object that an image is not actually from his device. The judge said that in such a case, the government would simply have an agent testify about the process for extracting the image and would compare the image at issue with the original Cellebrite extraction.
>
> Is the government amenable to making that clarification in the stipulation? If so, I will propose an edit. Thank you.

Exh. 2.

> On June 28, the government responded as follows:
>
> No edits to government prepared stipulation.
> Your issue about what if something is not from the phone…*I believe the Judge was commenting that if it were not from the phone, then the stipulation would not apply. Re-read the stipulation; it applies only to data/images taken from the device.*
>
> If you are still unsure, please reach out to DC-FPD, most of whom have no issues with stipulation.

Exh. 3 (emphasis added).

On June 29, Mostofsky's counsel returned an executed device return stipulation. Counsel noted in the email containing the executed stipulation that Mostofsky signed the stipulation "based on [the government's] representation" on June 28 that the stipulation "applies only to data/images taken from the device" which would preserve the defendant's right to object if an "image" presented by the government were not actually taken from the device, through human error, for example. Exh. 4. The executed stipulation contained electronic signatures. Exh. 5.

Later that day, the government responded, "We need actual signatures on the form." Exh. 6. Attaching a new stipulation document, the government added, "I've signed this one that is amended *to include both search warrants and also references attached receipt form.*" *Id.*

2

(emphasis added).  In another email sent shortly thereafter, the government reattached the new stipulation and represented, "*This one does not have a typo in the first paragraph*. Sorry for inconvenience." Exh. 7 (emphasis added).

On June 30, counsel held an in-person meeting with Mostofsky.  Based on the government's representation that it merely needed an "actual signature" on the stipulation the defendant had already executed and in which the government had merely fixed a "typo," counsel printed the governmment's "new stipulation" and prepared to have Mostofsky sign it.  At this point, counsel noticed that the the government had actually made substantive changes to the template stipulation Mostofsky had already executed.  These did not consist of typo-fixing.  The government's "new stipulation" is attached as Exhibit 8.  Specifically, the government had added this paragraph:

> Accordingly, the parties AGREE and STIPULATE as follows:
>
> 1. The Images are accurate duplicates of the Digital Media and were created using reliable methods or Defendant waives the right to object to the admissibility of the Images of the Digital Media and the right to question witnesses or make arguments concerning the reliability of the methods used to create the Images.

Exh. 8.

The Court will notice several things about this change.  First, this substantive edit was not described in the government's emails to counsel which instead described a fix to a "typo" and inclusion of references to multiple warrants.  Second, the government's substantive addition to the stipulation is completely inconsistent with (a) the government's prior representation that if an "image" "were not from the phone, then the stipulation would not apply" to an authenticity objection by Mostofsky, Exh. 3, and (b) counsel's written remark to the AUSA that Mostofsky was executing the stipulation "based on [the] representation" in point (a).  Exh. 4.

Finally, the Court will notice that after Mostofsky returned an executed document on the U.S. Attorney's Office's standard device return form, an agreement between the parties was formed based on offer and acceptance. Exh. 5. Accordingly, Mostofsky advised the government on June 30 that the furtive addition of the new language, beyond being seriously misleading, was also too late as the parties had a complete agreement on return of the phone. Counsel also noted that the new language is not even found in the government's standard device return form. Exh. 1. This was the government's response: the parties did not have any agreement and Mostofsky was trying to "pull something."

The government changed the language of the parties' agreement, after it had been made, and then asked counsel to have his client sign the amended agreement. It did not disclose that the agreement had been substantively edited and in a manner directly inconsistent with their previous understanding. The altered agreement would have caused the defendant to waive evidentiary trial rights. That is grossly inappropriate. At the least, the Court should order the government to promptly return the device based on the parties' agreement to the standard device return form used in this district.

Dated: June 30, 2021                                   Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869

nds@davidbsmithpllc.com<br>
*Counsel to Mostofsky*

## Certificate of Service

I hereby certify that on the 30th day of June, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Graciela Lindberg
>Assistant United States Attorney
>555 4th Street, N.W.
>Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, VA Bar No. 25930
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com

5