UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-138 (JEB) |
| | : | |
| AARON MOSTOFSKY, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The United States of America respectfully submits this opposition to Defendant Aaron Mostofsky's Motion for Bill of Particulars. Dkt. 27. For the reasons set forth below, Aaron Mostofsky ( "Defendant") is not entitled to, nor in need of, the "particulars" sought. The indictment (1) identifies the relevant time period; (2) lists the prohibited conduct the Defendant engaged in; (3) alleges the requisite mens rea; and (4) provides the statutory citation to each offense. Additionally, the indictment has been supplemented with discovery—including multiple videos documenting the Defendant's conduct on January 6th. This combination allows the Defendant to both understand and defend against the indicted charges.

**Felony Charges Alleged in the Superseding Indictment[1]**

On June 23, 2021, a federal grand jury returned a superseding eight-count indictment charging the Defendant with offenses related to the January 6, 2021 attack on the U.S. Capitol.[2]

---

[1] As the Defendant's request for a bill of particulars pertains only to the felony charges, this response addresses only the felony charges.

[2] The attack on the U.S. Capitol occurred on January 6, 2021. As a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election, members of a large crowd that had gathered outside forced entry into the U.S. Capitol, broke windows and assaulted members of law enforcement, as others in the crowd encouraged and assisted those acts. Scores of individuals entered the U.S. Capitol without authority to be there. As a result, the Joint Session and the official proceeding of the Congress were halted until the Capitol Police,

The Defendant's conduct on January 6, 2021 includes his pushing against a line of officers who were trying to adjust a barrier between themselves and rioters; multiple video recordings of this obstruction of officers has been provided in discovery and the Defendant has been advised of the most pertinent 30-second segment therein. The Defendant's charged conduct also includes his entry into the Capitol and his misappropriation of both a police vest and a riot shield; video recordings of the Defendant's entry and movement inside the Capitol, including images of the Defendant wearing the police vest and holding the shield, have been provided in discovery. Defendant's posted comments and a recorded interview with the New York Post inside the Capitol show his mens rea or intentions on January 6th; this recorded interview along with New York Post articles has been provided in discovery. Defendant's conduct on January 6th (as documented on multiple videos, postings or comments, and other evidence) satisfies each statutory element of the charged offenses, and the Defendant is fully aware of those elements.

## COUNT ONE

Count One charges a violation of Section 231(a)(3) of Title 18, which applies to a defendant who "commits . . . any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." 18 U.S.C. § 231(a)(3). As relevant here, the elements of that offense are:

---

the Metropolitan Police Department, and other law enforcement agencies from the city and surrounding region were able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

1)  The defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers;

2)  At the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and

3)  That such civil disorder in any way or degree obstructed, delayed, or adversely affected the performance of a federally protected function.

## COUNT TWO

Count Two charges a violation of Sections 1512(c)(2) and 2 of Title 18, which applies to a defendant who "corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so." 18 U.S.C. § 1512(c)(2).  Title 18 § 2 is not a stand-alone violation but a theory of liability, which makes someone who did parts of a crime punishable for the crime as a principle. .As relevant here, the elements of 1512(c)(2) are:

1)  The defendant obstructed, influenced, or impeded, an official proceeding, or attempted to obstruct, influence, or impede an official proceeding; and

2)  The defendant did so corruptly.

## COUNT THREE

Count Three charges a violation of Section 111(a)(1) of Title 18, which applies to a defendant who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [law enforcement officer under 18 U.S.C. § 1114] while engaged in or on account of the performance of official duties."  18 U.S.C. § 111(a)(1).  The indictment further alleges that the Defendant's  conduct "involve[d] the intent to commit another felony," Dkt. 25 at 3.  With this enhancement, the elements of that offense are:

1)  The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a designated federal officer;

2)  The defendant did so forcibly;

3

3) The defendant did so while the designated federal officer was engaged in, or on account of, the performance of official duties;

4) The defendant intended to commit these acts;

5) The defendant's commission of these acts involved the intent to commit another felony;

### The Government's Discovery to Date

The Defendant acknowledges that the government has produced video footage regarding the charged offenses and has had dialogue with two Assistant United States Attorneys regarding the charges and/or evidence in this case. *See* Dkt. 27, pg. 10. In addition to the provided videos, the government has provided the names of two law enforcement officers referenced in the 18 USC 111(a)(1) charges (Count Three); and has produced nearly all of the FBI's investigative case file of Aaron Mostofsky, copies of arrest and search warrants with accompanying affidavits and returns, and some images and video footage of the Defendant both inside and outside the U.S. Capitol on January 6, 2021. To assist the Defendant in reviewing discovery, the government has produced its discovery in a digital format, with bates-stamping and a detailed discovery production index. The government will continue to comply with discovery obligations, advising defense counsel when additional information is available

### Legal Standard

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36-37 (D.D.C. 2000) (internal citation omitted). If an indictment "is sufficiently specific, or if

the requested information is available in some other form, then a bill of particulars is not required." Butler, 822 F.2d at 1193, see United States v. Lorenzana-Cordon, 130 F.Supp.3d 172, 179 (D.D.C. 2015)(deny motion for bill of particulars and noting that the government had provided extensive discovery that allowed Defendant to adequately prepare for trial.")

Applying these principles, courts have repeatedly concluded that a bill of particulars "is not a discovery tool or a device for allowing the defense to preview the government's evidence, [nor is it] the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial." United States v. Brodie, 326 F. Supp.2d 83, 91 (D.D.C. 2004). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); United States v. Armocida, 515 F.2d 49, 54 (3rd Cir.1975) (bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence").

Defendant misunderstands the purpose of an indictment and the low bar an indictment must clear to satisfy the federal rules and Constitution. As the D.C. Circuit explained in United States v. Haldeman, 559 F.2d 31, 124 (D.C. Cir. 1976), "[a]lthough an indictment must in order to fulfill constitutional requirements apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." Indeed, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" United States v. Verrusio, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting United States v. Debrow, 346 U.S. 374, 378 (1953)). "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an

5

indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007). As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." Id. at 108; United States v. Haldeman, 559 F.2d 31, 123 ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). Only in the rare case where "guilt depends so crucially upon . . . a specific identification of fact" not included in the statutory language will an indictment that restates the statute's language be insufficient. Haldeman, 559 F.2d at 125 (quoting Russell v. United States, 369 U.S. 749, 764 (1962)).

Applying these principles, courts in this District have upheld the sufficiency of indictments far less specific than the this one. For example, in United States v. Apodaca, 275 F. Supp. 3d 123 (D.D.C. 2017), the defendants were charged with offenses under 18 U.S.C. § 924(c). The indictments provided only "general detail as to the places where the offenses were committed: namely, Mexico and the United States." Id. at 154. As to the "when" of the offenses, the indictments alleged that the offenses had occurred over a two- and nine-year period. Id. Finally, the indictments "d[id] not specify a particular weapon that was possessed," or "specify whether the firearms were 'used, carried or brandished'" under the statute. Id. Nonetheless, the indictments were sufficient.

**Argument**

Defendant admits the superseding indictment tracks "the statutory language" (Dkt.27 at 1) and does not seek clarification of the charges but a preview of the government's theories and evidence. As to each felony count, the Defendant argues that the charges are nonspecific because they are pled in the conjunctive and the government should be compelled to disclose which of the

listed means, it intends to prove at trial.  See Dkt. 27 at 14-16.  This argument fails to recognize that it is well established that where a statute may be violated by multiple means, the government may charge the statutory alternatives in the conjunctive (using the word "and"). *See* United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976); United States v. Tykarsky, 446 F.3d 458, 474 (3rd Cir. 2006); United States v. Dean, 969 F.2d 187, 195 (6th Cir. 1992) (When a statute provides (and an indictment alleges) different means of committing an offense, then the indictment is not duplicitous, and the government is only required to prove one of the several alternatives in order to obtain a conviction.)  In this case, the charged statues specify alternative ways in which to commit the noted offenses.  "[T]he indictment [therefore] may alleged the several ways in the conjunctive and a conviction thereon will stand if proof of one or more of the means of commission is sufficient." United States v. Harvard, 103 F.3d. 412, 420 (5th Cir.1997).

The Defendant improperly contends that a bill of particulars will allow him to learn the government's theory and the exact conduct underlying the charges.   In his motion, Defendant asks for details to explain, "whether the government relies on an assault theory or something short of that" (Dkt. 27 at 2); "how or when Mostofsky did any, much less all, of those things [alleged in Count Three]" (Dkt. 27 at 14); "how Mostofsky used force and when (as alleged in Count Three)" (Dkt. at 15); "what evidence shows...intent [to commit another felony as alleged in Count Three]" (Id.); "how the government intends to pursue this [Count Thee] charge" (Id.); "how the unspecified 'act' [in Count One] obstructed or impeded or interfered with a law enforcement officer" (Id.); "how Mostofsky did those things [alleged in Count One]" (Id.);"[w]ho was obstructed by Mostofsky [and w]ho was influenced by him [as alleged in Count One]" (Id.); "how [the government] used the adverb 'corruptly' [in Count One]" (Dkt. 27 pg. 16); "whether the obstruction (alleged in Count One) is limited to Mostofsky's entry into the Capitol Building or to

some specific act inside the building" (Dkt. Pg. 17); "[d]oes the indictment allege Mostofsky's activities outside the Capitol (in Count One)" (Id.); "[a]t what point did Mostofsky's actions on January 6 become a felony violation of § 1512(c)(2)" (Id.).  Defendant's request improperly seeks disclosure of the Government's legal theories and seeks to lock in its evidentiary proof.  Bills of particulars are not designed to compel the government to disclose its theory of the case, its witnesses, or a detailed description of the manner and means by which the crime was committed. *See*, *e.g.*, United States v. Han, 280 F. Supp. 3d 144, 149 (D.D.C. 2017); United States v. Sanford LTD., 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (finding that "unlike discovery, a bill of particulars is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation" and explaining that the government should be permitted "to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial.") (citation omitted); United States v. Martinez, 764 F. Supp. 2d 166, 173 (D.D.C. 2011); Lorenzana-Cordon, 130 F. Supp. 3d at 174 (bill of particulars improper where it seeks government's proof of its case); United States v. Concord Mgmt., 385 F.Supp.3d 69, 74 (D.D.C. 2019) ("A bill of particulars is inappropriate if by reasonable investigation in the light of information contained in the indictment, or otherwise furnished by the prosecution, the defendant could avoid prejudicial[] surprise[].") (internal quotations and citation omitted). As one district court succinctly stated:

> The bill of particulars is not intended to give a defendant the benefits of the government's investigative efforts. Nor may it be used to compel disclosure of the government's legal theory prior to trial. A defendant is only entitled to know those central facts which will enable him to conduct his own investigation of the transactions that resulted in the charges against him. Moreover, *a defendant is not*

8

> *entitled to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial*.

<u>United States v. Stroop</u>, 121 F.R.D. 269, 272 (E.D.N.C. 1988) (emphasis added; citations omitted).

The Defendant's specific demands do not seek clarification of uncertain or vague charges in the indictment. Instead, as the Defendant has discovery including video footage of his January 6, 2021 conduct, he is attempting to use a bill of particulars as a discovery device and to preview the government's trial theories--neither of which is a permissible basis for granting a motion under Rule 7(f). Requiring the government to identify how acts were committed or identify the specific evidence it would use at trial, are simply efforts by the Defendant to lock the government in on its legal theory, well in advance of trial. Although the government has an affirmative duty to disclose, it does not have a corresponding obligation to do the Defendant's trial preparation, provide the precise manner in which the government will prove or introduce its case at trial, or identify the specific legal theory upon which the proof will be based.

## Conclusion

For the foregoing reasons, and any additional reasons as may be cited at a hearing on this motion, the government respectfully requests that the Defendant motion be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: _____/s/_____
Graciela R. Lindberg
Assistant United States Attorney
Bar No. TX 00797963
555 Fourth Street, N.W., Room 4219
Washington, DC  20530
graciela.linberg@usdoj.gov
(956) 721-4960