## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**AARON MOSTOFSKY,**<br><br>Defendant. | **Criminal Action No. 21-138 (JEB)** |

## MEMORANDUM OPINION

Defendant Aaron Mostofsky, who has been charged in connection with the Capitol riot of January 6, 2021, seeks a bill of particulars to clarify three counts of the Government's Superseding Indictment. Finding that the vagueness of certain portions of the Indictment could compromise Mostofsky's ability to prepare an adequate defense to two counts, the Court will grant his Motion in part and order the Government to disclose further information.

### I.      Background

A grand jury indicted Mostofsky on January 8, 2021, see ECF No. 6 (Indictment), and he was arrested in the Eastern District of New York four days later. See 1/12/21 Dkt. Entry (Arrest – Other District). The Government then filed an eight-count Superseding Indictment on June 23, 2021, see ECF No. 25, which charges him with the following criminal acts: Civil Disorder in violation of 18 U.S.C. § 231(a)(3) (Count I); Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) (Count II); Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1) (Count III); Theft of Government Property in violation of 18 U.S.C. § 641 (Count IV); Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1) (Count V); Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2)

(Count VI); Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count VII); and Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count VIII). Mostofsky now moves for a bill of particulars to clarify Counts I, II, and III. See ECF No. 27 (Def. Mot.) at 1–2.

## II.    Legal Standard

While an indictment need only allege "the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), a defendant may request additional information through a bill of particulars "to ensure that the charges brought against [him] are stated with enough precision to allow [him] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Unlike a Rule 12 motion, the court may look beyond the indictment to determine, in its discretion, whether to direct the Government to file a bill of particulars. See id.; Fed. R. Crim. P. 7(f). "[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars" is generally not justified. Butler, 822 F.2d at 1193. A defendant may not use a bill of particulars as a "discovery tool or a devise [sic] for allowing the defense to preview the government's theories or evidence." United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999). Similarly, if the deficiency can be "cured" by "discovery," then a bill of particulars is not warranted. United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 152 (D.D.C. 2015).

## III.   Analysis

The Court will discuss each of the three counts on which Mostofsky seeks particularity in the order that he raises them.

A. Count III: 18 U.S.C. § 111(a)(1)

Count Three charges a violation of 18 U.S.C. § 111(a)(1), which states that whoever:

> (a)(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [officer or employee of the United States] while engaged in or on account of the performance of official duties . . .

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

The Superseding Indictment essentially echoes this language, though listing the actions in the conjunctive not the disjunctive, and adding the date and location of the offense, a slightly more robust definition of "officer or employee of the United States," and clarification that the felony enhancement comes from Mostofsky's alleged "intent to commit another felony." Superseding Indictment at 2. The Government has also provided Defendant with a 30-second video clip, which it claims shows him "pushing against a line of officers who were trying to adjust a barrier." ECF No. 31 (Gov. Opp.) at 2. Mostofsky disputes this characterization of the footage, arguing that "the video does not show [him] shoving a police officer" or even "touching an officer." Def. Mot. at 10–11.

In light of this confusion, Mostofsky raises several questions. First, he asks which of the listed actions the Government is charging and which officers were involved. Next, he inquires whether the Government is alleging that he assaulted someone, which he argues is a necessary component of Section 111(a)(1). See ECF No. 32 (Def. Reply) at 2–3. Finally, he wishes to know what "other felony" the Government refers to in order to support a felony charge. Id.

As to the first question, the Government is correct that "it is well established that if a criminal statute disjunctively lists multiple acts which constitute violations, the prosecution may in a single count . . . charge several or all of such acts in the conjunctive and under such charge

3

make proof of any one of more of the acts, proof of one alone, however, being sufficient to support a conviction." United States v. Brown, 504 F.3d 99, 104 (D.C. Cir. 2007); see also Def. Opp. at 6–7. Similarly, an indictment does not need to allege every basis for the charges. See Ramirez, 54 F. Supp. 2d at 29 (bill of particulars is not "discovery tool" or means of "allowing the defense to preview the government's theories or evidence"). The Government has produced robust discovery and a detailed index; it is hardly hiding the ball here. See Gov. Opp. at 4. It has also already provided the names of the law-enforcement officers relevant to this count. Id. Defendant has all of the particulars pertaining to these questions at his disposal and is fully capable of "conducting his own investigation," United States v. Sanford Ltd., 841 F. Supp. 2d 309, 316 (D.D.C. 2012); it is not the Government's duty to explain its theories to him.

Mostofsky's next concern is ultimately a legal question. If he is right that a Section 111 charge necessarily includes an underlying assault, then the Government will have to prove that one occurred to prevail at trial. See, e.g., United States v. Chapman, 528 F.3d 1215, 1219 (considering prior version of statute and concluding that defendant "could not be convicted [under Section 111(a)(1)] unless his conduct also amounted to an assault") (emphasis removed). The Government may disagree with this characterization of the statute — and, indeed, the D.C. Circuit has not yet spoken on this issue — but it need not clarify its legal position at this juncture. See Def. Mot. at 2 (asking if the "[G]overnment relies on an assault theory") (emphasis added). Mostofsky is not seeking to "understand the charges," Butler, 822 F.2d at 1193, but rather to learn of the Government's legal position. That is not the role of a bill of particulars.

Last, it seems puzzling that the Government refuses to state which other felony it is claiming supports a felony charge here. Indeed, it neglects to address this issue in its brief beyond referencing a somewhat-related question in the lengthy list of requests it dismisses as

4

concerning "legal theories." Def. Opp. at 7–8. The Court agrees with Mostofsky that he is
entitled to know in advance what that alleged other felony is.

B. Count I: 18 U.S.C. § 231(a)(3)

Defendant next requests additional information about his charge under Count One, 18
U.S.C. § 231(a)(3), which provides that:

> (a)(1) whoever commits or attempts to commit any act to obstruct,
> impede, or interfere with any fireman or law enforcement officer
> lawfully engaged in the lawful performance of his official duties
> incident to and during the commission of a civil disorder which in
> any way or degree obstructs, delays, or adversely affects commerce
> or the movement of any article or commodity in commerce or the
> conduct or performance of any federally protected function . . .

> [s]hall be fined under this title or imprisoned not more than five
> years, or both.

Once again, the Superseding Indictment adds little to the statute's plain language, save
for clarifying that Mostofsky is charged with "obstruct[ing], imped[ing], and interfer[ing]" with a
law-enforcement officer rather than a fireman, and that the act adversely affected the "conduct
and performance of a federally protected function," as opposed to commerce. See Superseding
Indictment at 1–2. Defendant maintains that he does not know why he is being charged with this
felony offense, and he thus seeks more information from the Government. See Def. Mot. at 1–2.
In particular, he inquires what "act to obstruct, impede, and interfere" with a law-enforcement
officer he is accused of taking, and what "federally protected function" he allegedly affected. Id.
at 2 (emphasis added); see also id. at 15. Mostofsky argues that the Government must answer
these two questions so that he can prepare an adequate defense and avoid double jeopardy. Id. at
2. The Court agrees that he is entitled to more specifics with respect to both requests.

### 1. *The Act*

Plaintiff first seeks additional information regarding his alleged "act" that "obstruct[ed], imped[ed], and interfer[ed]" with a law-enforcement officer. The Government responds that it must include a "'specific identification of fact' not included in the statutory language" "[o]nly in the rare case where [a defendant's] 'guilt depends so crucially upon'" the fact in question. See Gov. Opp. at 4 (citing United States v. Haldeman, 559 F.2d 31, 124 (D.C. Cir. 1976)). The Court finds two holes in this argument. First, the support the Government provides does not hold that this is the "only" circumstance in which additional facts may be required, but rather that this is a circumstance in which additional facts must be required. Haldeman, 559 F.2d at 124. Second, as Mostofsky explains, his guilt in this case may well depend on what the charged "act" is; if he is being charged with nonviolent speech, for example, he will "file a motion to dismiss with an as-applied First Amendment challenge." Def. Reply at 4. If, on the other hand, the act includes violence, "his defense at trial will be quite different." Id. at 5. If the act is the same as in Count III and is depicted in the 30-second video clip, the government should say so.

As Mostofsky cannot adequately "prepare a defense" without this information, Butler, 822 F.2d at 1193, the Government must reveal what "act" Defendant took that allegedly falls under Section 231(a)(3).

### 2. *Federally Protected Function*

Mostofsky also seeks further specificity regarding what "federally protected function" the Government contends was "obstructed, delayed, and adversely affected." Superseding Indictment at 2; see also 18 U.S.C. § 231(a)(3). "Federally protected function" is defined as any "function, operation, or action carried out . . . by any department, agency, or instrumentality of the United States or by an officer or employee thereof." 18 U.S.C. § 232(3). While common

6

knowledge regarding the events of January 6 suggests that Mostofsky's charge may well rely on an obstruction of the certification of the election, he persuasively argues that he should not be forced to guess which "federally protection function" supports the count, especially considering that he may move to dismiss this charge depending on the specific accusation. See Def. Reply at 6–7. The Government therefore must also reveal what "federally protected function" was "obstructed, delayed, and adversely affected."

### C. Count II: 18 U.S.C. § 1512(c)(2)

When it comes to 18 U.S.C. § 1512(c)(2), Mostofsky meets with less success. The statute prohibits "corruptly . . . obstruct[ing], influenc[ing], or imped[ing] any official proceeding, or attempt[ing] to do so," and it carries up to twenty years in prison. See 18 U.S.C. § 1512(c)(2) (emphasis added).

Defendant first argues that the Superseding Indictment does not indicate "[w]ho was obstructed" or "[w]ho was influenced or impeded." Def. Mot. at 16 (emphasis omitted). On the contrary, it does articulate what official proceeding was impeded. See Superseding Indictment at 2 ("Mostofsky[] attempted to, and did corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress' certification of the Electoral College vote") (emphasis omitted). In addition, the Government need not specify who was impeded since the focus of the statute is the proceeding, not the individual — e.g., a law-enforcement officer.

Next, Mostofsky believes that a bill of particulars is warranted because "[t]he indictment provides no indication of how it uses the adverb 'corruptly.'" Def. Mot. at 16. He lays out an extensive analysis of the textual meaning and legislative history of Section 1512(c)(2) to show that the meaning of "corruptly," as found within the statute, is unclear. Id. at 5–9; see also Def.

7

Reply at 10–11. This, however, is more an issue of statutory interpretation than one of insufficient factual support. Mostofsky, relatedly, employs canons of construction and precedent to claim that the Section 1512(c)(2) clause about "obstruct[ing]. . . [an] official proceeding" is focused on punishing "those who obstruct justice." Def. Reply at 14 (quoting Arthur Andersen LLP v. United States, 544 U.S. 696, 703 (2005)). Again, this is an issue of legal meaning, not factual specificity.

Mostofsky ends his Reply with seven other questions that, if left unanswered, deprive him of sufficient notice. See, e.g., id. at 15 ("Did Mostofsky obstruct a proceeding of Congress by virtue of his presence inside the building?  . . .  Does the government allege 'corruptly' in the 'transitive' Poindexter sense . . . ?").  While he may wish for more detail on the Government's form of proof at trial or its legal theories, it has sufficiently explained the basis of the charge.

## IV.     Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Mostofsky's Motion for a Bill of Particulars. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 27, 2021