UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-138-JEB |
| | : | |
| AARON MOSTOFSKY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S STATEMENT OF INFORMATION**
**ORDERED IN THIS CAUSE**

The United States of America respectfully files this Statement of Information as ordered by the Court in ECF filings 36 and 37.

**I.     Count III:     18 U.S.C. § 111(a)(1)**

Count Three charges a violation of Section 111(a)(1) of Title 18, which applies to a defendant who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [law enforcement officer under 18 U.S.C. § 1114] while engaged in or on account of the performance of official duties."  18 U.S.C. § 111(a)(1).  The indictment further alleges that the Defendant's conduct "involve[d] the intent to commit another felony," Dot. 25 at 3.  The government intends to offer proof that the defendants actions involved the felony offense of Civil Disorder in violation of 18 U.S.C. § 231(a)(3), and the felony offense of Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2).   Although a conviction requires proof that defendant's conduct involved only one other felony offense, the defendant is noticed to defend against both felony violations of 18 U.S.C. § 231(a)(3) and of 18 U.S.C. § 1512(c)(2), respectively Counts One and Count Two of the pending indictment.

**II.     Count I:     18 U.S.C. § 231(a)(3)**

Count One charges a violation of Section 231(a)(3) of Title 18, which applies to a defendant

who "commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, adversely affects the conduct or performance of any federally protected function." 18 U.S.C. § 231(a)(3).

The government intends to argue that the defendant's actions or attempted actions that were intended to obstruct, impede, or interfere with any law enforcement officer defending and protecting the U.S. Capitol and its occupants on January 6th include: defendant's act of pushing, individually or with others, against law enforcement officers setting up or adjusting barriers in a restricted area near the U.S. Capitol; and defendant's act of positioning himself in a way to prevent law enforcement from setting up or adjusting barriers between themselves and rioters outside the U.S. Capitol. (Video recordings of defendant's actions obstructing or attempting to obstruct officers, have been provided in discovery and defense has been advised of the most pertinent 30-second clips therein.)

The government intends to argue that the defendant's conduct on January 6 contributed to the civil disorder that obstructed, delayed, or adversely affected the performance of several federally protected functions:

- Pursuant to 2 U.S.C. § 1961, the U.S. Capitol Police is responsible for the protection of the United States Capitol building and its grounds. The civil disorder on January 6 obstructed and adversely affected the protection of the building and its grounds.

- Pursuant to 2 U.S.C. § 1970, executive departments and executive agencies may assist the United States Capitol Police in the performance of its duties by providing, *inter alia*, services (including personnel) and equipment, including when requested during an emergency. The civil disorder on January 6 obstructed and adversely affected the emergency response by executive departments and executive agencies.

- Pursuant to 3 U.S.C. § 6, the Archivist of the United States has the responsibility to safeguard the electoral certificates submitted by the states. The civil disorder on January 6 obstructed and adversely affected the maintenance of such certificates.

- Pursuant to 3 U.S.C. § 15, the Vice President, as President of the Senate, presides over the final counting of the Electoral College vote, and the Vice President is responsible for declaring the winner of the election. *Id.* (Vice President "shall announce the state of the vote."). The civil disorder on January 6 obstructed and adversely affected the execution of the Vice President's Constitutional and statutory duties.

- Pursuant to 3 U.S.C. § 101, the term of office for President "shall, in all cases, commence on the 20th day of January next succeeding the day on which the votes of the electors have been given." The civil disorder on January 6 obstructed and adversely affected the counting of the votes of the electors, that is, the federally protected function of the election of the President and Vice President.

- Pursuant to 18 U.S.C. § 3056, the United States Secret Service is authorized to protect, among others, the Vice President and the Vice President-elect. The civil disorder on January 6 obstructed and adversely affected the conduct and performance of the Secret Service in the performance of this federally protected function.

- Pursuant to 40 U.S.C. § 1315, the Department of Homeland Security has the responsibility to protect the buildings, grounds, and property that are owned, occupied, or secured by the Federal Government and persons on the property. The civil disorder on January 6 obstructed and adversely affected the conduct and performance of the Department of Homeland Security in the performance of this federally protected function.

As with the defendant's "intent to commit another felony" for purposes of 18 U.S.C. § 111 discussed above, the government need only prove that the defendant's conduct implicated one

federally protected function to establish the defendant's criminal liability under 18 U.S.C. § 231(a)(3).

                              Respectfully submitted,

                              CHANNING D. PHILLIPS
                              Acting United States Attorney
                              DC Bar No. 415793

By:              /s/
                              Graciela R. Lindberg
                              Assistant United States Attorney
                              Bar No. TX 00797963
                              555 Fourth Street, N.W., Room 4219
                              Washington, DC   20530
                              graciela.linberg@usdoj.gov
                              (956) 721-4960