**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:21-cr-138 |
| | ) |
| AARON MOSTOFSKY, | ) **Judge James E. Boasberg** |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT MOSTOFSKY'S EXPEDITED MOTION TO COMPEL PRODUCTION**
**OF *BRADY* COMPILATION EVIDENCE**

Defendant Mostofsky, through his counsel, files this expedited motion to compel

production of a narrow category of documents, data and records, pursuant to Federal Rule of

Criminal Procedure 16 and Local Criminal Rule 5.1.  Trial is scheduled for October 18.  All

pretrial motions must be filed by September 1.  Asked to provide a date certain by which the

materials discussed in this motion would be produced to the defense, the government could not

or would not give Mostofsky an answer.  Given the tight deadlines, the Court should order the

government promptly to produce the *Brady* materials at issue.

**I.      Unproduced *Brady* evidence already compiled by the government**

The last status conference in this matter was held on August 6.  The Court ordered that

trial shall commence on October 18 and that all pretrial motions shall be filed by September 1.

The Court will recall that the government resisted any trial date before 2022, as it said that it

could not comply with all of its discovery obligations until next year.  It will also recall that

Mostofsky replied that the government may not constitutionally give him the Sophie's choice

whether to waive his right to a speedy trial or, if not, waive his right to material identified in

*Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. See, e.g., *Simmons v. United States*, 390

U.S. 377, 394 (1968) (holding defendant may not be placed in the "intolerable [situation in which] one constitutional right [must] be surrendered in order to assert another"); *Hunt v. Mitchell*, 261 F.3d 575, 584 (6th Cir. 2001) (vacating conviction because defendant was effectively forced to trade off Sixth Amendment effective assistance of counsel right in order to exercise speedy trial right).

Three days later, the government made the following representation in a January 6 case:

> Although we are aware that we possess some information that the defense may view as supportive of arguments that law enforcement authorized defendants . . . to enter the restricted grounds, e.g., images of officers hugging or fist-bumping rioters, posing for photos with rioters, and moving bike racks, we are not in a position to state whether we have identified **all such information**.  **Pursuant to *Brady* and its progeny**, we are required to make available the voluminous data that may contain any similar information for Defendant to review.

*U.S. v. Coy Griffin*, 21-cr-92, ECF No. 44, p. 12 (emphasis added).

Following the disclosure that the government has already compiled a trove of this type of *Brady* material for the January 6 cases, Mostofsky asked the government to produce now the materials that the government has already identified and collected, even if the government has not identified "all such information." 21-cr-92, ECF No. 44, p. 12.  Mostofsky indicated that the government did not need to spend time and resources parsing out *Brady* material on a defendant-by-defendant basis but could simply produce the already compiled *Brady* collection to him. The government responded as follows:

> The discovery team is working on this but it is not available to be disclosed.  *Just because some information has been identified and compiled does not mean it's ready for disclosure.*
>
> Regardless of whether I think this is *Brady* as to your client, you will receive it.  Once this information is available, I will provide.
>
> I am not confident that you will have it by Sept 1st but I will notify you once I'm aware of its availability.

Government email, dated 8/17/21 (emphasis added).

Mostofsky asked the government to explain how material that has been labeled *Brady* material by the government could be "identified and compiled" by the government and yet not "ready for disclosure." He added that he understood from the government's communication that it would not provide a date by which the "identified and compiled" *Brady* information would be produced. The government did not respond to Mostofsky's communication.

## II.   Argument

Rule 16 provides, "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

As this Court has noted on many occasions, "the government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16. Nor may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 223 F.R.D. 12, 15 (D.D.C. 2005). Moreover, "burdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense. Nor can concerns about confidentiality and privacy rights of others trump the right of one charged with a crime to present a fair defense." *United States v. O'Keefe*, 2007 U.S. Dist. LEXIS 31053, *4 (D.D.C. Apr. 27, 2007); *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (materiality standard "is

not a heavy burden"; evidence material if there is indication that it may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal").

Rule 5.1 of the Local Criminal Rules provides, "Beginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose [*Brady*] information to the defense *as soon as reasonably possible after its existence is known*, so as to enable the defense to make effective use of the disclosed information in the preparation of its case." LCrR 5.1(a) (emphasis added).  The rule defines *Brady* material to include, among other things, "information that is inconsistent with or tends to negate the defendant's guilt as to any element . . . of the offense(s) with which the defendant is charged"; "information that tends to mitigate the charged offense(s) or reduce the penalty"; and "information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged." LCrR 5.1(b).  The rule provides that "If the government fails to comply with this rule, the Court, in addition to ordering production of the information, may. . .  enter any . . . order that is just under the circumstances." LCrR 5.1(g)(4).

The Section 1512(c) and 1752 charges against Mostofsky turn, in significant part, on the claim that he was not "lawfully authorized" to be where he was on January 6.  Superseding Indictment, Counts 2, 5, 6; § 1752(a)(1) (criminalizing knowing entry into a restricted building or grounds "without lawful authority to do so").[1]  At the same time, the government has

---

[1] To the extent the government has revealed how it construes the "corruptly" element in Section 1512(c), it appears to suggest that one corruptly obstructs justice whenever one does so "wrongfully." In this case, that appears to mean nothing more or less than entering the Capitol without being "lawfully authorized," i.e., the obstruction charge simply transforms the misdemeanor Section 1752 offense (and the misdemeanor offense of parading in Congress, 40

acknowledged that it possesses a collection of evidence showing that on January 6 law enforcement officers authorized an undisclosed number of protestors to enter the Section 1752 "restricted area." It has labeled this material *Brady* information.  21-cr-92, ECF No. 44, p. 12. Because the government has an obligation to produce such material to Mostofsky "as soon as reasonably possible after its existence is known," LCrR 5.1(a), and because the government will not provide a production date for that material even though trial is in October and the pretrial motions deadline is September 1, the Court should order the government promptly to produce to Mostofsky the *Brady* compilation evidence that has already been compiled.

If the government does not, the Court should impose evidentiary sanctions or dismiss the relevant charges, as Mostofsky may not constitutionally be asked to surrender his speedy trial right in order to preserve his right to *Brady* material.  LCrR 5.1(g)(4); *Simmons*, 390 U.S. at 394.

Dated: August 18, 2021                                 Respectfully submitted,


                                                       /s/ David B. Smith
                                                       David B. Smith, D.C. Bar No. 403068
                                                       David B. Smith, PLLC
                                                       108 North Alfred Street, 1st FL
                                                       Alexandria, Virginia 22314
                                                       (703) 548-8911 / Fax (703) 548-8935
                                                       dbs@davidbsmithpllc.com


                                                       Nicholas D. Smith, D.C. Bar No. 1029802
                                                       David B. Smith, PLLC
                                                       7 East 20th Street, Suite 4R
                                                       New York, NY 10003
                                                       (917) 902-3869
                                                       nds@davidbsmithpllc.com

---

U.S.C. § 5104(e)(2)(g)) into a new type of felony offense which had not been charged before January 6.  Cf. *Bouie v. City of Columbia*, 378 U.S. 347 (1964) (holding that due process is violated when a court retroactively applies a novel construction of a criminal statute, which had no support in the case law as it existed at the time of the offense, in a manner similar to an ex post facto law).

*Counsel to Mostofsky*

**<u>Certificate of Service</u>**

I hereby certify that on the 18th day of August, 2021, I filed the foregoing motion with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following CM/ECF user(s):

> Graciela Lindberg
> Assistant United States Attorney
> 555 4th Street, N.W.
> Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class

postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com