UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-138 (JEB) |
| | : | |
| AARON MOSTOFSKY, | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
FEDRALLY PROTECTED FUNCTION EVIDENCE**

For the reasons stated herein, the United States of America opposes defendant Aaron Mostofsky's "Expediated Motion to Compel Production of Federally Protected Function Evidence," ECF 40. ("Motion"). The government will provide Defendant with timely discovery, at least 30 days before the start of trial, regarding its proof of the "federal protected function" element of the Count One charge that Defendant violated 18 U.S.C. §231(a)(3) when he physically confronted law enforcement officers on January 6, 2021 to gain unlawful access to the United States Capitol. Specifically, the government intends to offer testimonial evidence regarding that element and will comply with its obligations under the Jencks Act and Federal Rule of Evidence 16 regarding that evidence.

**The Government's Extensive Provision of Discovery to Date**

The Motion should be assessed in light of the substantial discovery provided to Defendant to date. The government has produced nearly all of the FBI's investigative case file on Aaron Mostofsky. That includes: (a) grand jury materials, including a transcript and exhibits used in first indictment; (b) copies of arrest and search warrants with accompanying affidavits and returns; (c) a copy of the digital contents of Defendant's mobile telephone, which the

government subsequently returned to Defendant; and (d) specific relevant clips of body-worn camera (BWC) and closed-circuit television (CCTV) videos, which include images and footage of Defendant both inside and outside the U.S. Capitol on January 6, 2021.

To assist Defendant's review of that information, the government produced it in a digital format together with a 68-page index. The government has arranged opportunities for defense counsel and an investigator to walk through the crime scene, which required the United States Capitol Police to obtain the approval of many Congressional offices. The government also produced an affidavit from a Capitol Police Investigator that summarized the relevant events of the Capitol breach on January 6. The undersigned has had several communications with defense counsel to resolve discovery disputes.

The government will continue to comply with discovery obligations, advising defense counsel when additional information is available. For example, on August 18, 2021 when two additional CCTV videos were available for discovery, defense counsel was advised via email that same day.

**Legal Standard**

Federal Rule of Criminal Procedure 16(a)(1)(E), which is at issue in the Motion, states: "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy" an item, if it is "within the government's possession, custody, or control," and *inter alia*, "the item is material to preparing the defense" or "the government intends to use [it] in its case-in-chief." Fed. R. Crim. P. 16(a)(1)(E). A district court exercises broad discretion in enforcing Rule 16. *E.g., United States v. Gray-Burriss*, 791 F.3d 50, 55 (D.C. Cir. 2015).

**Argument**

Not satisfied with this Court's order that the government identify the particular federally protected functions on which it may rely at trial, ECF 37, Defendant claims Rule 16(a)(1)(E) entitles him to "all 'documents' and 'data' on which the government based its 'federally protected function' response in the bill of particulars, *e.g.*, materials showing that 'Executive departments and agencies' were adversely affected by a 'civil disorder.'" Motion at 5. He contends that information is material to his defense because it bears on whether the functions identified in the Government's responses to Defendant's motion for a bill of particulars satisfy the statutory requirements of 18 U.S.C. § 231(a)(3) (prohibiting acts that, *inter alia*, "obstruct" the "performance of any federally protected function") and § 232 (3) (defining "federally protected function"). He smuggles into his discovery request legal arguments that several of the functions identified in the Government's particular responses do not satisfy those requirements. Motion at 2-5.

Although the term, "material to the defense" in Rule 16(a)(1)(E) is broadly construed, it is not boundless. In the context of Rule 16, "the defendant's defense' means the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). Evidence is material to preparing the defense "as long as there is a strong indication that it will play an important role *in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal*." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir.1993) (emphasis added, cleaned up). Although the materiality burden is not onerous, "the evidence must not simply 'bear some abstract relationship to the issues in the case,'" *United States v. George*, 786 F. Supp. 11, 13 (D.D.C. 1991) (citation omitted). The "government must disclose Rule 16 evidence only if such evidence 'enables the defendant

3

significantly to *alter the quantum of proof in his favor*.'" *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (quoting *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996)).

Notably, discovery in a federal criminal case does not encompass disclosure of the Government's legal theories. *E.g., United States v. Cobb*, _ F. Supp. 3d. _, No.  1:19-CR-00155 EAW, 2021 WL 2493240, at *5 (W.D.N.Y. June 18, 2021). The Motion tries to circumvent that rule by seeking not only the Government's legal theories regarding how it intends to prove the federally protected function element of 18 U.S.C. § 231(a)(3) in this case, but the *basis* for those theories. This Court should deny that request because it exceeds the bounds of permissible discovery under Federal Rule of Criminal Procedure 16.

Defendant admittedly is not seeking information that will aid in "witness preparation, corroborating testimony, or assisting impeachment or rebuttal," or will "alter the quantum of proof in his favor." Indeed, information "on which the government based its 'federally protected function' response in the bill of particulars" has no possible bearing on any of the evidence that will be presented at trial. Rather, Defendant's admitted purpose in seeking this information is to use it to attempt to demonstrate that some of the Government's identified "federally protected functions" are legally insufficient to meet the statutory requirements for that element. *See* Motion at 8. ("the existence or not of a 'federally protected function' adversely affected by a 'civil disorder' on January 6 is an essential element of a felony charge against Mostofsky").

Reduced to its core, Defendant contends he is entitled to Rule 16 discovery to provide a basis to challenge whether the Government will be able to prove an element. That's incorrect. To qualify as "material for preparing the defense," the discovery sought must be related "to refutation of the government's case in chief," and not "to establishment of an independent ... bar to the prosecution." *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000) (affirming

denial of discovery of information needed to support defendant's motion to dismiss indictment on double jeopardy grounds). Here, Defendant's stated purpose is to use the sought-after information to support a motion to dismiss the § 231(a)(3). "Rule 16 apparently … would not govern disclosure of documents helpful in raising the broad range of other objections that are not 'substantive' in nature, but challenge the institution of the prosecution." Lafave and Israel, 5 CRIMINAL PROCEDURE, § 20.3(g) (4th ed.). That means the Motion seeks information useful only for an improper purpose. This Court should deny the Motion for that reason. *Rasheed*, 234 F.3d at 1285.

More generally, "[w]hether the indictment sufficiently alleges a crime is an issue of law, not of fact." *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975) (reversing pretrial dismissal of indictment). *See also United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) ("Only in 'unusual circumstance[s]' is pretrial dismissal of the indictment possible on sufficiency-of-the-evidence grounds," and that is "*where there are material facts that are undisputed and only an issue of law is presented*.") (emphasis added); *United States v. McIlwain*, 772 F.3d 688, 693 (11th Cir. 2014) ("[W]hether an indictment sufficiently alleges a statutorily proscribed offense is a question of law."). That is a corollary of the principle that "[a]n indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see United States v. Conlon*, 628 F.2d 150, 155–56 (D.C. Cir.1980).[1]

---

[1] Defendant is entitled to bring a motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) on the ground that the indictment "fail[s] to state an offense." Indeed, his discovery motion previews such a claim by arguing that some of the federally protected functions identified in the Government's particulars response fail to allege interference with activities that amount to such functions. "When considering a motion to dismiss for failure to

Defendant also speculates that the Government improperly instructed the grand jury that it could indict him for violation of § 231(a)(3) based on an improper theory of what constitutes a federally protected function. Motion at 4. He does not attempt to demonstrate that he is entitled to the requested information to attack the indictment on that ground, and indeed, he is not. *See United States v. Apodaca*, 287 F. Supp. 3d 21, 41 (D.D.C. 2017) (denying request for certain minimized intercepted conversations to show that additional minimization violations may be uncovered through the requested because it was "purely speculative"); *see generally United States v. Saffarinia*, 424 F. Supp. 3d 46, 81 (D.D.C. 2020) (defendant's speculation that the government may have improperly instructed the grand jury on the specific "investigation" and "matter" requirements of 18 U.S.C. § 1519 did not warrant disclosure of the grand jury minutes).

Defendant is attempting to use this motion to improperly force the government to preview its trial theories. Although the government has an affirmative duty to disclose, it does not have a corresponding obligation to do the Defendant's trial preparation, provide the precise manner in which the government will prove or introduce its case at trial, or identify the specific legal theory upon which the proof will be based.

---

state an offense, the court "is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Hillie*, 289 F. Supp. 3d 188, 193 (D.D.C. 2018) (internal quotation marks omitted). Distinguished from pre-trial motions to dismiss premised on other grounds—where the court may take evidence and make factual determinations—the court considering a motion for failure to state an offense "must accept the truth of the allegations in the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "The indictment either states an offense or it doesn't." *Id*. To that end, "[t]he Court should not consider evidence not appearing on the face of the indictment." *Id*.

**Conclusion**

For those reasons and any others that may be cited at a hearing on this motion, the government respectfully requests that the Motion be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793


By:           /s/
Graciela R. Lindberg
Assistant United States Attorney
Bar No. TX 00797963
555 Fourth Street, N.W., Room 4219
Washington, DC   20530
graciela.linberg@usdoj.gov
(956) 721-4960