UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-138 |
| AARON MOSTOFSKY, | ) **Judge James E. Boasberg** |
| Defendant. | ) |

**DEFENDANT MOSTOFSKY'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO COMPEL PRODUCTION OF FEDERALLY PROTECTED FUNCTION EVIDENCE**

In response to Mostofsky's motion to compel production of materials concerning the "federally protected function" alleged in the Superseding Indictment and bill of particulars, the government says it will not promptly provide this basic information to the defense for three reasons: (1) Mostofsky has received other categories of evidence and a bill of particulars, which is sufficient for a criminal defendant; (2) although Mostofsky seeks documents and records, he is "really" seeking the government's legal theories, even if he has not asked for them; and (3) Rule 16 does not permit a defendant to request government records in support of a motion to dismiss a charge and certainly not one that may touch on "a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii) (permitting disclosure of grand jury material to defendant "who shows a ground *may* exist to dismiss the indictment because of a matter that occurred before the grand jury") (emphasis added).

The government is wrong. It has not even invoked Rule 6 in defense of its refusal to produce the materials at issue. But even if it had, Mostofsky has made a particularized, targeted showing that the Superseding Indictment's Section 231(a)(3) charge was defectively presented to

1

the grand jury. In any case, he needs the records to test the evidence in preparation for a trial in October. The government should produce the materials that it claims substantiate the "federally protection function" element of the Section 231(a)(3) offense—grand jury or otherwise—or state that they are not in its possession, custody or control. Fed. R. Crim. P.16(a)(1)(E). If the Court does not compel the government to produce the evidence to Mostofsky, it should at least conduct an *in camera* review of the materials—after the government states whether it is invoking Rule 6—in connection with a pending motion to dismiss the Section 231(a)(3) charge.

**Argument**

First, the government recites other categories of materials it has produced to Mostofsky to date. ECF No. 42, pp. 1-2. More to the point, the government represents that it has produced certain "grand jury materials." *Id.* at 1. However, this omits that Mostofsky specifically requested the "federally protected function" evidence that the government asserts was presented to the grand jury to return the Section 231(a)(3) charge. It also omits that the government would not indicate what evidence, if any, was presented to the grand jury on this element of the offense, but instead emailed a single declaration to the defense concerning the U.S. Capitol Police's activities on January 6. The government does not make clear whether this declaration constitutes the "federally protected function" evidence. *Id.* at 2.

Should the Court construe this narrative as an argument against Mostofsky's motion it should be rejected. That the government has complied with its discovery obligations in connection with other issues in this case does not relieve it of its Rule 16 and *Brady* duties as to the "federally protected function" issue.[1]

---

[1] The government notes that it has arranged an opportunity for defense counsel to "walk through the crime scene" with the permission of the U.S. Capitol Police. ECF No. 44, p. 2. However, it omits that counsel is not permitted to ask USCP officers questions during the tour, such as, e.g.,

2

Second, the government contends that Mostofsky's motion should be denied either because Rule 16 never permits a defendant to compel the production of evidence to be used in support of a motion to dismiss or because Mostofsky is actually trying to compel "the government's legal theories." ECF No. 42, pp. 3-4.  These arguments are frivolous.

Mostofsky's correspondence with the government, and his motion to compel itself, show he is requesting that the government produce "documents, data and records" substantiating the government's alleged "federally protected functions" adversely affected by a "civil disorder" on January 6.  ECF No. 40, p. 1.  It is not a legal theory Mostofsky wants but *evidence* supporting the government's *already revealed* bases for alleging a "federally protection function" adversely affected by a civil disorder.

Here is an example.  In its bill of particulars response, the government asserted that "Pursuant to 2 U.S.C. § 1970, executive departments and executive agencies may assist the United States Capitol Police . . . . The civil disorder on January 6 obstructed and adversely affected the emergency response by executive departments and executive agencies." ECF No. 38, pp. 3-4.  Accordingly, Mostofsky demanded that the government produce "documents," "data," or other "tangible objects" in the government's possession, custody or control, Fed. R. Crim. P. 16(a)(1)(E), that substantiate that claim of "executive departments and executive agencies" adversely affected by the "civil disorder."  Here is another example.  The government's particulars response represents that the civil disorder adversely affected an unspecified agency with the Department of Homeland Security.  ECF No. 38, pp. 3-4.

---

are you aware of any federal executive department or agency that was involved in any capacity at the Capitol during the events of January 6? The government also omits that the defense has requested interviews with the relevant (congressional and non-federal) police officers in this case, to investigate this issue and others, and has been denied access.

Mostofsky asked the government to produce "documents," "data," or other "tangible objects" in the government's possession, custody or control, Fed. R. Crim. P. 16(a)(1)(E), that substantiate that claim. These are not requests for "legal theories."

The government says such materials are not "material to preparing the defense." ECF No. 42, p. 3. According to the government, even though the evidence at issue concerns an essential element of the Section 231(a)(3) offense in whose absence Mostofsky cannot be convicted, the materials do not "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* (citing *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). That response lacks sense. If the materials at issue do not play an important role in "*uncovering* admissible evidence" that is only because they *are* the evidence under discussion. Mostofsky does not seek discovery into some tangential matter in this case but evidence supporting an essential element of a felony charge against him. Trial is scheduled for October; it is now August 23; he is entitled to receive and test the government's evidence on an essential element before trial, because it is "material to the defense." Fed. R. Crim. P. 16(a)(1)(E).

In any case, the evidence is also material to Mostofsky's motion to dismiss the Section 231(a)(3) charge, which must be filed by September 1. The government's contention that evidence critical to a defendant's motion to dismiss is not "material to the defense" under Rule 16 is unsupported by any authority. ECF No. 42, p. 4. To the contrary, this Court has positively held that a defendant may compel such discovery, unless the pending dismissal argument is "wholly unsupported by legal authority." *United States v. Rezaq*, 156 F.R.D. 514, 521 (D.D.C. 1994) *opinion vacated in part on other grounds on reconsideration*, 899 F. Supp. 967 (D.D.C. 1995). In *Rezaq*, the Court granted the defendant's motion to compel materials pursuant to Rule

4

16 as the defense request was "tailored to develop evidence that will offer material support for one of his double jeopardy defenses contained in his [pending] motion to dismiss." *Id.* *See also United States v. Armstrong*, 517 U.S. 456, 462 (1996) (holding that Rule 16's "material to the preparation of the defendant's defense" rule applies to any "documents" or other "tangible objects" that go to any "defense on the merits to the criminal charge itself").[2]

Mostofsky's requests for "documents," "data," and/or other "tangible objects" substantiating the government's claim in its bill of particulars response that various "federally protected functions" were adversely affected by a "civil disorder" on January 6 are plainly "tailored to develop evidence that will offer material support for" one of his pending dismissal arguments. *Rezaq*, 156 F.R.D. at 521.[3]  As Mostofsky showed, the Superseding Indictment's Section 231(a)(3) charge requires the government to prove that a "department, agency or instrumentality of the United States" was adversely affected by a "civil disorder" on January 6. 18 U.S.C. § 231(a)(3); § 232(3). *See United States v. Oakar*, 111 F.3d 146, 153 (D.C. Cir. 1997) (after Supreme Court's decision in *United States v. Hubbard*, 514 U.S. 695 (1995), "an entity

---

[2] The government's reliance on *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000), is misplaced. *Rashed* did not hold that an indictment's Fifth Amendment presentment error on an essential element of an offense is "an independent . . . bar to the prosecution." ECF No. 42, p. 4.  Instead, the court found that the defendant's claim of a "sham prosecution," based on "sensitive matters of foreign relations," constituted an improper predicate for Rule 16 discovery. 234 F.3d at 1286.  That is not analogous to Mostofsky's Rule 16 requests and the government does not even attempt to liken the two.

[3] The Court will notice the government's internal inconsistency.  On the one hand, it faults Mostofsky for "smuggl[ing] into his discovery request legal arguments that several of the functions identified in the Government's particular responses do not satisfy [the 'federally protected function' element of a Section 231(a)(3) offense]." ECF No. 42, p. 3.  On the other, it (inconsistently) claims Mostofsky "does not attempt to demonstrate that he is entitled to the requested information to attack the indictment on [the] ground" that the Section 231(a)(3) offense was not properly presented to the grand jury in conflict with Mostofsky's Fifth Amendment presentment right. *Id.* at 6.

5

within the Legislative Branch cannot be a 'department' within the meaning of § 1001 and 18 U.S.C. § 6," nor is Congress an "agency" under § 6); *United States v. Dean*, 55 F.3d 640, 659 (D.C. Cir. 1995) (reversing convictions under § 1001 for false statements to Congress, as Hubbard "narrowed the reach of ["department" and "agency"] to matters *within the executive branch*") (emphasis added).

Mostofsky's Fifth Amendment presentment right thus required the government to allege in the indictment and present to the grand jury evidence showing probable cause that a "department, agency or instrumentality of the United States" was adversely affected by a "civil disorder" on January 6. Fed. R. Crim. P. 7(c)(1) (indictment must provide "a plain, concise and definite written statement of the essential facts constituting the offense charged"); *Hamling v. United States*, 418 U.S. 87, 117 (1974) (holding that Fifth Amendment presentment right requires indictment to "set forth all the elements necessary to constitute the offense intended to be punished" and "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense. . .").

Federal felony charges that fail to properly allege essential elements of an offense in the indictment are deficient. *Apprendi v. New Jersey*, 530 U.S. 466, 500-18 (2000) (Thomas, J., concurring) (discussing cases and treatises since the 1840s, which repeatedly emphasize the importance of including every element in an indictment); *Jones v. United States*, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999) (holding that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt"); *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988) (en banc) ("It is well established that an

6

indictment is defective if it fails to allege elements of scienter that are expressly contained in the statute that describes the offense."). Thus, "[a]s a general rule, criminal proceedings were submitted to a jury after being initiated by an indictment containing 'all the facts and circumstances which constitute the offence, . . . stated with such certainty and precision, that the defendant . . . may be enabled to determine the species of offence they constitute, in order that he may prepare his defence accordingly . . . and that there may be no doubt as to the judgment which should be given, if the defendant be convicted.'" *Apprendi*, 530 U.S. at 478 (quoting J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th ed. 1862)); *see also United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992) ("This court, sitting en banc, has left no room for doubt as to the law in this circuit concerning the requirements of a constitutionally adequate indictment. Every essential element of an offense must be charged in the body of an indictment, and the inclusion of a reference to the statute will not cure the failure to do so.").

If the government presented to the grand jury that the joint session of Congress or the USCP were "department[s]" or "agenc[ies]. . . of the United States," § 232(3), and thus "federally protected functions," § 231(a)(3), it did not properly return a Section 231(a)(3) charge against Mostofsky, as those are not departments or agencies "within the executive branch." *Dean*, 55 F.3d at 659; *Oakar*, 111 F.3d at 153; *see also Trump v. Deutsche Bank AG*, 943 F.3d 627, 645 (2d Cir. 2019) (applying *Hubbard* and § 6 and holding that the Right to Financial Privacy Act's reference to a "department or agency" does not apply to Congress) *rev'd and remanded on other grounds sub. nom. Trump v. Mazars USA LLP*, 140 S. Ct. 2019 (2020).  The other "federally protected functions" identified in the government's particulars response are only vaguely sketched out and may not themselves constitute executive departments and agencies. ECF No. 40, pp. 3-5.

Accordingly, Mostofsky's motion is not "wholly unsupported by legal authority" and he is entitled to the relevant materials in support of his dismissal motion, to the extent they are in the government's possession, custody or control. *Rezaq*, 156 F.R.D. at 521. If they are not, the government should simply say so, consistent with standard discovery practice.

Finally, the government insinuates, but does not explicitly argue, that Rule 6 may raise a bar to Mostofsky's requests. ECF No. 42, p. 6. Not so. In the first place, if the materials requested by Mostofsky were collected *after* the Superseding Indictment was returned, they are by definition not covered by Rule 6. If so, the government must produce them, or else state the materials are not in its possession, custody or control.

Conversely, if the materials *were* presented to the grand jury, the government must *say so*, in order that the Rule 6 issues may be properly litigated. Rule 6 expressly permits disclosure of such materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "[M]ost courts have held that the appropriate standard [for disclosure under that rule] is that of 'particularized need,' borrowed from the standard under the case law applying Rule 6(e)(3)(E)(i)." *United States v. Naegele*, 474 F. Supp. 2d 9, 10 (D.D.C. 2007) (Friedman, J.) (citing *United States v. Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004) (defendant must show that "particularized and factually based grounds exist . . . [that] may create a basis for dismissal of the indictment")). *See also United States v. E-Gold, Ltd.*, 521 F.3d 411, 419 (D.C. Cir. 2008) ("[W]hile we recognize the weightiness of the government's concern in grand jury secrecy, we find nothing that outweighs the defendant's constitutional rights to due process and to counsel under the Fifth and Sixth Amendments.").

The factual basis for Mostofsky's particularized need, in the context of his Fifth

Amendment presentment right, is straightforward. Mostofsky asked the government to produce the putative evidence supporting the government's claim that the "federally protected functions" identified in its particulars responses were adversely affected by a "civil disorder" on January 6. In response, the government provided a single declaration concerning the USCP's activities on January 6. It refused to indicate whether that was the evidence adduced in the grand jury. However, the USCP is not a "department" or "agency" within the executive branch. *Dean*, 55 F.3d at 659; *Oakar*, 111 F.3d at 153. Accordingly, the government's particulars response necessarily implies that it already collected additional evidence of "federally protected functions" adversely affected by the civil disorder—in which case the evidence may be produced now without burden, so that Mostofsky may corroborate it before trial and/or argue in a dismissal motion that it does not satisfy Section 6. As explained above, if this evidence was collected after the Superseding Indictment was returned, it is not covered by Rule 6. If, however, the government alleged "federally protected functions" in its particulars response without possessing supporting evidence, that would also be material to Mostofsky's pending motion to dismiss. Plainly, that the government will not agree to produce *any* evidence showing the civil disorder's adverse effect on the "federally protected functions" identified in its particulars response powerfully implies such evidence was not presented to the grand jury. The government simply has no valid reason under Rule 16 not to produce such materials—to the extent they exist. In any case, the government's proposal to wait until trial to find out whether the evidence it may manage to gather in this connection followed or preceded return of the indictment does not preserve grand jury secrecy—it merely wastes the Court's and parties' time.

    The Supreme Court has identified the bases underpinning grand jury secrecy. None applies here, making it even likelier Mostofsky has identified a particularized need, assuming the

government were to actually invoke Rule 6.[4]  As the D.C. Circuit explained, grand jury secrecy is needed where:

> (1) disclosure of pre-indictment proceedings would make many prospective witnesses hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony; (2) witnesses who did appear would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements; and (3) there would be the risk that those about to be indicted would flee or would try to influence individual grand jurors to vote against indictment.

*In re North*, 305 U.S. App. D.C. 23, 16 F.3d 1234, 1242 (D.C. Cir. Spec. Div. 1994) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979)).

The "federally protected function" evidence Mostofsky seeks does not concern a witness's testimony "against" Mostofsky—or anyone else.  Whether the entity on which the government relies is a "federally protected function" has nothing to do with anything Mostofsky (or any other January 6 defendant) did or did not do.  Thus, there is no conceivable reason for anyone to seek "retribution" against them.  Similarly, the issue whether the entity or entities possibly presented to the grand jury are "federally protected functions" presents no risk that any target of the grand jury would "flee."

Even if the government were somehow not obligated to produce this material to Mostofsky so that he could defend his Fifth Amendment right, "the court could use limitations on the disclosure of evidence, such as *in camera* hearings and appropriate application of the normal rules of evidence to protect the grand jury proceedings against unwarranted invasion." *E-Gold, Ltd.*, 521 F.3d at 419.[5]  After all, the government itself has already moved to produce

---

[4] That the government does not invoke Rule 6 suggests the "federally protected functions" identified in its bill of particulars response do not implicate grand jury materials.

[5] Mostofsky inquired whether the government would object to *in camera* production of the relevant materials, to the extent they exist.  As of the filing of this reply, the government did not respond.

10

grand jury materials to Mostofsky under the protective order in place in this case. ECF No. 23. That material reveals identifying information about witnesses who *did* testify "against" Mostofsky, in contrast to the (purported) witnesses who merely explained what a "federally protected function" was to the grand jury.

For all the foregoing reasons, the Court should order the government to promptly produce the "federally protected function" evidence or state that it is not in its possession, custody or control. If not, the Court should at least order the materials produced for an *in camera* review in connection with Mostofsky's motion to dismiss, which presents no threat to grand jury secrecy whatsoever.

Dated: August 23, 2021                                  Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Mostofsky*

### Certificate of Service

I hereby certify that on the 23rd day of August, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Graciela Lindberg
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com