UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-138 (JEB) |
| | : | |
| AARON MOSTOFSKY, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION TO VACATE TRIAL DATE AND CONTINUE TRIAL, AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to vacate the trial currently set for October 18, 2021, to grant a 60-day continuance of the above-captioned proceeding, and further to exclude the time within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. (the "STA"), on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  As further explained below, it is the government's commitment to ensuring that all arguably exculpatory materials are produced in a comprehensive, accessible, and useable format that, in the main, underlies the government's request to toll the STA.

In support of its motion, the government states as follows:

### FACTUAL BACKGROUND

The defendant is charged via indictment with three felony and five misdemeanor offenses arising out of his conduct in connection with the attack on the U.S. Capitol on January 6, 2021 (the "Capitol Breach").  In brief, the conduct alleged to support these offenses includes his pushing against a line of officers who were trying to adjust a barrier between themselves and rioters; and his entry into the Capitol and his misappropriation of both a police vest and a riot

shield, including wearing the police vest and holding the shield.

The defendant was arrested approximately seven and one-half months ago, on January 12, 2021, and has been on pretrial release since his arrest.

The government has provided defense counsel with significant case-specific discovery including clips of body-worn-camera footage and Capitol surveillance footage depicting the defendant inside and outside the U.S. Capitol on January 6, 2021; nearly all of the Federal Bureau of Investigation's ("FBI") investigative case file specific to the defendant; grand jury materials including the transcript and exhibits used to support the initial indictment; and copies of arrest and search warrants with accompanying affidavits and returns.  We have also provided the defendant results from the search of his device pursuant to a warrant and returned his device to him.  To assist the defendant in reviewing discovery, we produced materials in a digital format along with a 68-page index. We have also arranged multiple opportunities for defense counsel and an investigator to walk through the crime scene.

On July 21, 2021, the government filed a memorandum regarding the status of discovery (as of July 12, 2021) (ECF No. 34), incorporated herein by reference. On August 26, 2021, the government filed a memorandum regarding the status of discovery (ECF No. 44), incorporated herein by reference.  Collectively, these documents are referred to as our "Status Memoranda." The Status Memoranda largely pertained to the production of discovery from voluminous sets of data that the government collected in its investigation of the Capitol Breach cases, among which may be interspersed information the defense may consider material or exculpatory.[1]

---

[1] The materials upon which the Status Memoranda focused include, for example, thousands of hours of video footage from multiple sources (e.g., Capitol surveillance footage, body-worn-camera footage, results of searches of devices and Stored Communications Act ("SCA")

## ARGUMENT

I.  **The Government's Approach to Discovery is Intended to Ensure that All Arguably Exculpatory Materials are Produced in a Comprehensive, Accessible, and Useable Format.**

As a preliminary matter to the government's motion, the government's approach to the production of voluminous discovery, as elaborated in our previously filed Status Memoranda, is consistent with the *Recommendations for Electronically Stored Information (ESI) Discovery Production* developed by the Department of Justice and Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System.[2]  It is also the generally accepted approach in cases involving voluminous information.  Notably, every circuit to address the issue has concluded that, where the government has provided discovery in a useable format, and absent bad faith such as padding the file with extraneous materials or purposefully hiding exculpatory material within voluminous materials, the government has satisfied its *Brady*[3] obligations.  See *United States v. Yi*, 791 F. App'x 437, 438 (4th Cir. 2020) ("We reject as without merit Yi's argument that fulfillment of the Government's obligation under *Brady* requires it to identify exculpatory material."); *United States v. Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018) (noting that the "government's duty to disclose generally does not include a duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence") (internal citations omitted); *United States v. Stanford*, 805 F.3d 557, 572 (5th Cir.

---

accounts, digital media tips, Parler video, and unpublished news footage), and hundreds of thousands of investigative documents including but not limited to interviews of tipsters, witnesses, investigation subjects, defendants, and members of law enforcement.

[2]  *See* https://www.justice.gov/archives/dag/page/file/913236/download.

[3]  *Brady v. Maryland*, 373 U.S. 83 (1963).

2015) ("We have previously rejected such 'open file' *Brady* claims where the government provided the defense with an electronic and searchable database of records, absent some showing that the government acted in bad faith or used the file to obscure exculpatory material."); *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011) ("The government is not obliged to sift fastidiously through millions of pages (whether paper or electronic). . . [and] is under no duty to direct a defendant to exculpatory evidence [of which it is unaware] within a larger mass of disclosed evidence.") (quotation marks and citations omitted); *Rhoades v. Henry*, 638 F.3d 1027, 1039 (9th Cir. 2011) (rejecting *Brady* claim on the ground that the defendant "points to no authority requiring the prosecution to single out a particular segment of a videotape, and we decline to impose one"); *United States v. Warshak,* 631 F.3d 266, 297 (6th Cir. 2010) ("As a general rule, the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence"); *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009)(same), aff'd in part, vacated in part, remanded, 561 U.S. 358 (2010); *United States v. Pelullo*, 399 F.3d 197, 212 (3d Cir. 2005) ("*Brady* and its progeny . . . impose no additional duty on the prosecution team members to ferret out any potentially defense-favorable information from materials that are so disclosed."); *United States v. Jordan,* 316 F.3d 1215, 1253-54 (11th Cir. 2003) (concluding that the defendant's demand that the government "identify all of the *Brady* and *Giglio* material in its possession," "went far beyond" what the law requires).[4]

---

[4] Even in the unusual cases where courts have required the government to identify *Brady* within previously produced discovery, no court found that this was a substantive right held by the defendant in every case.  For example, in *United States v. Saffarinia*, 424 F. Supp. 3d 46 (D.D.C. 2020), in which the court ordered the government to identify any known *Brady* material within its prior productions because the production involved over a million records and defense counsel was working "*pro bono* with time constraints and limited financial resources," the Court acknowledged that "persuasive authority has articulated a 'general rule' that 'the government is

## II.     <u>An Ends-of Justice Tolling of the Speedy Trial Act is Warranted.</u>

Given the due diligence the United States continues to apply to meet its discovery obligations, as set forth above and in our Status Memoranda, the government has established that an ends-of-justice continuance under the STA is warranted.

As the Supreme Court has observed, the STA "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States,* 547 U.S. 489, 497 (2006). "Much of the Act's flexibility is furnished by § 3161(h)([7]), which governs ends-of-justice continuances." *Id.* at 498. "Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Id.* at 508. And it knew "that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured." *Id.*

The need for reasonable time to address discovery obligations is among multiple pretrial preparation grounds that Courts of Appeals, including our circuit, have routinely held sufficient to grant continuances and exclude time under the STA – and in cases involving far less complexity in terms of the volume and nature of data, and far fewer individuals who were entitled to discoverable materials. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (upholding two-

---

under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence.'" *Id.* at 84 n.15, quoting *Skilling*, 554 F.3d at 576.

month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones")(internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

    The government attempted to ascertain the defendant's position on a continuance before filing, but counsel wanted to review this motion before offering a position. Notably, a

month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones")(internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

    The government attempted to ascertain the defendant's position on a continuance before filing, but counsel wanted to review this motion before offering a position. Notably, a

defendant's lack of consent to the United States' request for an ends-of-justice continuance is irrelevant. There is no requirement that a defendant personally consent to an ends-of-justice continuance; the only question is whether the district court has complied with the procedural requirements of section 3161(h)(7). *See United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) ("By its terms, § 3161(h)([7])(A) does not require a defendant's consent to the continuance 'if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"); *accord United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015); *United States v. Williams*, 753 F.3d 626, 635 (6th Cir. 2014); *United States v. Lynch*, 726 F.3d 346, 355 (2d Cir. 2013); *United States v. Gates*, 709 F.3d 58, 65-66 (1st Cir. 2013) ("We hold . . . that in the ordinary course and within the confines of the STA exclusion provisions, defense counsel has the power to seek an STA continuance without first informing his client or obtaining his client's personal consent."); *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) ("Herbst's opposition to his counsel's request for a continuance does not prevent that time from being excluded from the speedy trial calculation."); *United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010) ("[W]here an attorney seeks a continuance without the client's approval, this court has held that the Speedy Trial Act 'does not require a defendant's consent to the continuance' in order for a judge to be able to grant a motion in furtherance of the ends of justice."). *See also United States v. Stoddard*, 74 F. Supp. 3d 332, 341–42 (D.D.C. 2014) ("Even assuming *arguendo* that Stoddard was not advised of his statutory Speedy Trial rights by his counsel and that his counsel consented to the tolling of the time without Stoddard's consent, Stoddard was not prejudiced by this error. The Court tolled the time under the Speedy Trial Act pursuant to 18

U.S.C. §§ 3161(h)(8)(A), (B)(i), (B)(ii) & B(iv)(2004). None of those provisions require the consent of the defendant."); *cf. Zedner*, 547 U.S. at 500-01 (holding the STA cannot be tolled by virtue of a defendant's waiver of its application).

In this case, a sixty-day ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The Capitol Breach is likely the most complex investigation ever prosecuted by the Department of Justice.[5] As described above, the government has provided the defendant vast case-specific discovery and is also diligently executing its plan to produce voluminous materials in a comprehensive, accessible, and useable format.

## **CONCLUSION**

For the reasons described above, and any others that may be offered at a hearing on this matter, the government moves this Court to vacate the trial currently set for October 18, 2021, to grant a 60-day continuance of the above-captioned proceeding, and further to exclude the time

---

[5] On August 25, 2021, in recognition of the current high rate of transmission of the Delta variant in the District of Columbia, Chief Judge Howell issued Standing Order 21-47, limiting the number of jury trials that may be conducted at one time until at least October 31, 2021. Further, the Court found that "for those cases that cannot be tried consistent with those health and safety protocols and limitations, the additional time period from August 31, 2021 through October 31, 2021 is excluded under the Speedy Trial Act as the ends of justice served by the continuances to protect public health and safety and the fair rights of a defendant outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. 3161(h)(7)(A)." (As detailed in Standing order 21-47, the Court had previously found that due to the exigent circumstances created by the COVID-19 pandemic, the time period from March 17, 2020 through August 31, 2021, would be excluded in criminal cases under the STA.) The effect of the continuing pandemic on the ability to hold jury trials may also support tolling of the STA in this case.

within which a trial must commence under the STA on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: /s/ *Emily A. Miller*
EMILY A. MILLER
Capitol Breach Discovery Coordinator
DC Bar No. 462077
555 Fourth Street, N.W., Room 5826
Washington, DC 20530
Emily.Miller2@usdoj.gov
(202) 252-6988

By: /s/ *Graciela R. Lindberg*
GRACIELA R. LINDBERG
Assistant United States Attorney
TX Bar No. 00797963
11204 McPherson Road, Suite 100A
Laredo, Texas   78045-6576
Graciela.Lindberg@usdoj.gov
(956) 721-4960