UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-138 ) |
| AARON MOSTOFSKY, | ) **District Judge James E. Boasberg** ) |
| Defendant. | ) ) ) |

**DEFENDANT MOSTOFSKY'S NOTICE OF FACTUAL SUPPORT FOR STATEMENTS MADE IN STATUS CONFERENCE**

Defendant Mostofsky, through his counsel, submits this notice to provide factual support for a representation his counsel made in today's status conference.

Mostofsky's counsel represented that although the government insists that Mostofsky stipulate to a sentencing enhancement for interference with the "administration of justice," *see* USSG §2J1.2(b), the government has all but conceded that its § 1512(c)(2) charge in the January 6 cases does not involve the "administration of justice." The government has repeatedly made this concession because it claims it does not even regard it as one: its key argument is that the relevant "proceeding before the Congress," § 1515(a)(1)(B), does not have to involve the "administration of justice," in this context, a congressional inquiry or investigation.

When counsel made this point in the status conference, one of the government's attorneys shook their head as if to say the representation was not accurate. Accordingly, in order to show the Court counsel's claim was not inaccurate, Mostofsky provides the following citations to recent briefs filed by the government:

- **Government's position regarding whether the Section 1512(c)(2) charges at issue in the January 6 cases involve the "administration of justice," quoted from government brief in *United States v. Grider*, 21-cr-222, p. 9 (emboldening added):**

1

"The defendant nonetheless contends that only 'proceedings before Congress related to the administration of justice' qualify as "official proceedings." D.E. 21-1 at 13 (emphasis added). **Even assuming arguendo that the Electoral College vote certification—execution of a constitutional duty and federal law fundamental to our system of governance—*is unrelated to the "administration of justice,"* this crabbed reading finds no support in statutory text or caselaw.** 'Statutory construction must begin with the language employed by Congress'—here, 'a proceeding before the Congress'—and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."

- **Government's position regarding whether the Section 1512(c)(2) charges at issue in the January 6 cases involve the "administration of justice," quoted from government brief in *United States v. William Pepe*, 21-cr-52, p. 8. n. 3 (emboldening added):**

    **"Congress is not a federal agency and department**, and **the certification of the Electoral Collect vote is not an 'inquiry or investigation**.'"

- **Government's position regarding whether the Section 1512(c)(2) charges at issue in the January 6 cases involve the "administration of justice," quoted from government brief in *United States v. Nordean*, 21-cr-175, p. 21 (emboldening added):**

    "In support of this assertion, **Defendant states baldly that 1512(c) has 'never been used to prosecute a defendant for [] obstruction … unrelated to the administration of justice**.' Id. *Indeed*, **as discussed herein, the touchstone is the formality of the proceeding, not the procedural or structural format**. For Defendant to suggest that there was no 'fair notice' that 'a proceeding before the Congress' (as defined in 18 U.S.C. § 1515(a)(1)(B)) included a Joint Session with statutorily-required formal procedures simply cannot be credited. **Simply because Section 1512(c)(2) has never been applied** to the unprecedently brazen attack that Defendant and others carried out on the Capitol does not mean that a 'person of ordinary intelligence' would fail to understand that a statute prohibiting impeding or obstructing congressional proceedings encompassed such conduct."

- **Government's position regarding whether the Section 1512(c)(2) charges at issue in the January 6 cases involve the "administration of justice," quoted from government brief in *United States v. Brady Knowlton*, 21-cr-46 (D.D.C. 2021), p. 12 (emboldening added):**

3. The "proceeding before Congress" **is not limited to proceedings solely related to the administration of justice**

    The defendants incorrectly ask this Court to limit the interpretation of the "proceeding before the Congress" to encompass only the "corrupt obstruction of proceedings before Congress related to the administration of justice such as a congressional committee investigating a violation of the law where witnesses are subpoenaed to appear and give testimony or to provide relevant evidence." Mot. 13. But this narrow reading of the statute finds no textual support when applied to Section 1515(a)(1)(B), which speaks broadly of a proceeding "before the Congress." Had Congress wanted to import a definition that more closely resembled a quasi-adjudicative setting, as the defendant contends, it needed look only a few provisions away to 18 U.S.C. § 1505, which criminalizes obstruction of "the due and proper administration of the law under

2

which any pending proceeding is being had" by a federal department or agency. Indeed, § 1505 expressly criminalizes obstruction of "any inquiry or investigation [that] is being had by" Congress, including by congressional committees and subcommittees. 18 U.S.C. § 1505; see *United States v. Bowser*, 964 F.3d 26, 31 (D.C. Cir. 2020). If Congress could limit the obstruction prohibition under § 1505 to congressional investigations, it could have done so in the text of § 1515(a)(1)(B). But it did not. Instead, Congress enacted broader language—"a proceeding before the Congress"—to cover a broader range of proceedings than the "inquir[ies] and investigation[s]" envisioned in Section 1505. That broader definition includes the Electoral College vote certification.

Rather than engage with Section 1515's text, **defendants rely on "surrounding statutory provisions" and "legislative intent" to argue that the certification of the Electoral College vote is not an "official proceeding" because it does not affect the "administration of justice." Mot. 8-12. That approach fails in three respects**. **First, it is methodologically flawed**. To determine the meaning of a statute, the Court "look[s] first to its language, giving the words used their ordinary meaning." *Levin v. United States*, 568 U.S. 503, 513 (2013) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)). In ordinary parlance, a gathering of the full Congress to certify the Electoral College vote is a congressional proceeding, a proceeding before the Congress. Because Section 1515(a)(1)(B)'s words "are unambiguous, the judicial inquiry is complete." *See Babb v. Wilkie*, 140 S. Ct. 1168, 1177 (2020) (internal quotation marks omitted). The defendant offers no rationale for breezing past the statute's plain text to reach for other interpretive tools.

**Second, the other statutory tools on which defendants purport to rely do not aid their argument**. Defendants contend (Mot. 8) that Section 1512's title—"Tampering with a witness, victim, or an informant"—implies that the "official proceeding" definition in Section 1515 does not cover the Electoral College vote certification. But this contention runs headlong into "the wise rule" that neither "the title of a statute" nor "the heading of a section" can "limit the plain meaning of the text." *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528-29 (1947).6 In any event, the specific statutory provision under which defendants are charged, 18 U.S.C. § 1512(c)(2), explicitly reaches more broadly than tampering: it "operates as a catch-all to cover otherwise obstructive behavior that might not constitute a more specific" obstruction offense. *United States v. Petruk*, 781 F.3d 438, 447 (8th Cir. 2015) (quoting *United States v. Volpendesto*, 746 F.3d 273, 286 (7th Cir. 2104)).

Other provisions outside § 1512, such as those elsewhere in Chapter 73, have even less bearing on the plain meaning of § 1512(c)(2). Mot. 10. If anything, those neighboring provisions—which criminalize obstruction of other types of investigations and protect judges, jurors, witnesses and the like—merely underscore how robustly Congress sought to penalize obstructive conduct across a vast range of settings. That Congress wished to penalize efforts to obstruct everything from a federal audit to a bankruptcy case to an examination by an insurance regulatory official only crystallizes that it is more the acts of obstructing, influencing, or impeding—than the particular type of hearing—that lie at "'the very core of criminality' under the statute[s]." *Williamson*, 903 F.3d at 131.

**Finally, the defendants' narrowed reading of "proceeding before the Congress" in 18 U.S.C. § 1515(a)(1)(B)—importing** *an extra-textual "administration of justice" requirement*— **would undercut the broad statute that Congress enacted**. Other than a reference to "a congressional committee investigating a violation of the law where witnesses are subpoenaed to appear and give testimony or to provide relevant evidence,"7 Mot. 13, the defendant does not explain which congressional proceedings would fall within the ambit of his narrowed definition. That crabbed approach fails to recognize that the certification of the Electoral College vote is an official proceeding that is "crucial to the conduct of government" and therefore "entitled to go forward free of corrupting influences that not only delay [it] but increase the chances of false and unjust outcomes." *Sutherland*, 921 F.3d at 426. Whatever the outer limits of a "proceeding before the Congress" for purposes of the obstruction statute, the Electoral College vote certification falls well within them. . .[1]

Dated: September 9, 2021					Respectfully submitted,


							/s/ David B. Smith
							David B. Smith, D.C. Bar No. 403068
							David B. Smith, PLLC
							108 North Alfred Street, 1st FL
							Alexandria, Virginia 22314
							(703) 548-8911 / Fax (703) 548-8935
							dbs@davidbsmithpllc.com

							Nicholas D. Smith, D.C. Bar No. 1029802
							David B. Smith, PLLC
							7 East 20th Street, Suite 4R
							New York, NY 10003
							(917) 902-3869
							nds@davidbsmithpllc.com

							*Counsel to Mostofsky*

---

[1] Defendants' challenge fails even if they were correct—and they are not—that for a proceeding to constitute an "official proceeding" under the obstruction statute, that proceeding must be related to the "administration of justice." Far from informal, **the certification of the Electoral College vote comprises features that** *resemble* **an adjudicative proceeding**. It involves the convening of a Joint Session of Congress, a deliberative body over which a government officer, the Vice President as President of the Senate, "presid[es]." 3 U.S.C. § 15. That body convenes to render judgment on whether to certify the votes cast by Electors in the presidential election. As in an adjudicative setting, parties may lodge objections to the certification, and if any such objection is lodged, each House must consider the objection and make a "decision" whether to overrule or sustain it. Id. And just as a jury does not (barring a mistrial) recess until it has a reached a verdict, the Joint Session cannot "be dissolved" until it has "declared" a "result." 3 U.S.C. § 16.

**Certificate of Service**

I hereby certify that on the 9th day of September, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Graciela Lindberg
>Assistant United States Attorney
>555 4th Street, N.W.
>Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, VA Bar No. 25930
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com