UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-138 ) |
| AARON MOSTOFSKY, | ) **District Judge James E. Boasberg** ) |
| Defendant. | ) ) ) |

**DEFENDANT MOSTOFSKY'S NOTICE OF RECENT AUTHORITY**

Defendant Mostofsky, through his counsel, alerts the Court to recent authority that postdates his opening brief on his motion to dismiss the Superseding Indictment.

On September 9, the Chief Judge of the Northern District of Florida entered a preliminary injunction against enforcement of Florida Statute § 870.01(2), an "anti-riot" law enacted by the Florida legislature in 2021. *The Dream Defenders*, *et al.*, *v. Ron DeSantis*, 21-cv-191, ECF No. 137 (N.D. Fla. Sept. 9, 2021), Exh. 1. The riot law was enjoined on account of its unconstitutional vagueness and overbreadth. Exh. 1, pp. 45-77. For the Court's convenience, Mostofsky pastes side-by-side below the enjoined Florida riot law and 18 U.S.C. § 231(a)(3):

> A person commits a riot if he or she willfully participates in a violent public disturbance involving an assembly of three or more persons, acting with a common intent to assist each other in violent and disorderly conduct, resulting in:
> (a) Injury to another person;
> (b) Damage to property; or
> (c) Imminent danger of injury to another person or damage to property.
>
> § 870.01(2), Fla. Stat. (2021).
>
> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any

1

article or commodity in commerce or the conduct or performance of any federally protected function. . . [s]hall be [punished]. . .

18 U.S.C. § 231(a)(3).

The term "civil disorder" means any public disturbance involving acts of acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

18 U.S.C. § 232(1).

Among other reasons for enjoining the Florida riot law, the Chief Judge found overbreadth in the fact that the legislation appeared to criminalize the defendant's protest activities even if he did not participate in the violent acts necessary to satisfy the definition of a "violent public disturbance." Exh. 1, pp. 75-76. Likewise, the court found vagueness in the definition of "violent public disturbance," which, like in § 231(a)(3)'s "civil disorder," consisted of violent acts by "three or more persons." Specifically, the Florida riot law was vague as to whether the "violent public disturbance" predicate extended to elements of the assembly that were not violent. Exh. 1, p. 53. Cf. § 231(a)(3) ("[A]ny act [that] . . . impede[s] . . . any. . . law enforcement officer lawfully engaged in the lawful performance of his official duties *incident to* . . . a civil disorder. . .") (emphasis added).

Dated: September 10, 2021                     Respectfully submitted.

                                              */s/ David B. Smith*
                                              David B. Smith (D.C. Bar No. 403068)
                                              108 N. Alfred St.
                                              Alexandria, VA 22314
                                              Phone:(703)548-8911
                                              Fax:(703)548-8935
                                              dbs@davidbsmithpllc.com

                                              Nicholas D. Smith (D.C. Bar No. 1029802)
                                              7 East 20th Street
                                              New York, NY 10003
                                              Phone: (917) 902-3869

*Counsel to Mostofsky*

## Certificate of Service

I hereby certify that on the 10th day of September, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> Graciela Lindberg
> Assistant United States Attorney
> 555 4th Street, N.W.
> Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com