UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) Case No. 1:21-cr-138-JEB |
|  | ) |
| AARON MOSTOFSKY, | ) |
|  | ) |
| Defendant. | ) |

**DEFENDANT MOSTOFSKY'S NOTICE OF MULTIPLE GOVERNMENT PLEA AGREEMENTS CONCERNING PARADING IN THE CAPITOL OFFENSES INVOLVING CONDUCT MORE SERIOUS THAN MOSTOFSKY'S**

Defendant Mostofsky's pending Motion to Dismiss Counts One, Two, Five and Six of the Superseding Indictment points to the absence of a meaningful conceptual difference between (a) the misdemeanor parading in the Capitol offense, which carries a six-month-maximum term of imprisonment, 40 U.S.C. § 5104(e)(2)(G) (criminalizing "demonstrat[ing]" in the Capitol Building), and (b) the government's novel obstruction of justice claim, which carries a 20-year maximum. 18 U.S.C. § 1512(c)(2) (allegedly criminalizing any act that "influences" any congressional proceeding "wrongfully").  His Motion noted that in a number of January 6 cases involving conduct similar to or more serious than Mostofsky's, the government had either voluntarily dismissed a § 1512(c)(2) charge in favor of a § 5104(e)(2)(G) guilty plea or had not charged obstruction of justice in the first place.  The Motion argued that these discrepancies went to the vagueness doctrine's due process concern with hazy standards that invite arbitrary enforcement.  Mot., pp. 28-36.

After the briefing cycle closed, examples of this arbitrariness have multiplied:

- *U.S. v. Robert M. Reeder*, 21-cr-166 (D.D.C. 2021).  The defendant entered the Capitol Building twice.  ECF No. 26, p. 1.  He was engaged in the melee.  As he later put it in

1

writing, "We had to battle the police inside. It was crazy. Absolutely insane." *Id*. Sentencing initially had to be cancelled as a video emerged depicting Reeder attempting to punch police officers. ECF No. 33. Nevertheless, the government entered a plea agreement with Reeder to misdemeanor parading in the Capitol pursuant to § 5104(e)(2)(G). *Id.* On October 8, the Court sentenced Reeder to 3 months' imprisonment.

- *U.S. v. James Bonet*, 21-cr-121 (D.D.C. 2021). Bonet was indicted on six counts including obstruction of an official proceeding under § 1512(c)(2). ECF No. 25. The defendant posted videos on Facebook titled "Smoking at the capital building" (sic). They depict the defendant using a controlled substance inside the Crypt of the Capitol. Another video showed the defendant saying, "We made it in the building bitches! We're taking it back! We are taking it back!" ECF No. 1-1, pp. 4-5. Bonet entered the office of Senator Jeff Merkley and used the controlled substance there, too. In a change-of-plea hearing on October 7, the government stated the obstruction charge would be dismissed and Bonet would plead guilty to a misdemeanor offense (either § 5104(e)(2)(G) or § 1752(a)(1)).

- *U.S. v. Jancart*, 21-cr-148 (D.D.C. 2021), *U.S. v. Rau*, 21-cr-467 (D.D.C. 2021). The Court sentenced these defendants so it is familiar with the cases, but it is worth emphasizing that the government alleged that Jancart: (1) brought a gas mask and two-way radios to D.C.; (2) penetrated the Capitol Building all the way to the Speaker's conference room; (3) "likely destroyed evidence by deleting videos and message threats from his phone"; (4) posted on social media that he believed a revolution was coming; and (5) stated on Facebook that he "stormed the Capitol," explaining that the protesters "wanted to let the politicians know we can get this far anytime we want." ECF No. 25, p. 8. As the Court knows, the government entered into § 5104(e)(2)(D) plea agreements with Jancart and Rau, who were not charged under § 1512(c)(2).

This is not an exhaustive list. As the Court knows, it would be a challenge to compile every relevant example even devoting all of one's time to the project, as there are over 630 charged defendants in the investigation.

Dated: October 8, 2021                                  Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Mostofsky*

### Certificate of Service

I hereby certify that on the 8th day of October, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Graciela Lindberg
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

3