UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-138-JEB ) |
| AARON MOSTOFSKY, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT MOSTOFSKY'S NOTICE OF POSITION REGARDING GOVERNMENT'S FILING OF SECOND SUPERSEDING INDICTMENT FOLLOWING BRIEFING ON HIS MOTION TO DISMISS**

Defendant Mostofsky filed his pending Motion to Dismiss Counts One, Two, Five and Six of the Superseding Indictment (SI) in August. ECF No. 47. He argued that Count One, charging a violation of 18 U.S.C. § 231(a)(3), should be dismissed because, among other reasons, the SI did not allege an Executive "department, agency, or instrumentality of the United States" that had been "adversely affected" by the "civil disorder" on January 6. Mostofsky further argued that, to the extent Count One relied on § 231(a)(3)'s "commerce prong," the charge must be dismissed as that statute unconstitutionally purports to criminalize noneconomic intrastate activity. *United States v. Morrison*, 529 U.S. 598, 607-19 (2000); *United States v. Lopez*, 514 U.S. 549, 559 (1995).

The government filed its response in September. ECF No. 57. It explicitly elected not to respond to the merits of Mostofsky's Commerce Clause challenge. *Id.*, p. 46. The government stated, "This Court need not address Mostofsky's Commerce Clause claims." *Id.*

On November 10, after the briefing cycle had concluded, the government filed a Second Superseding Indictment. ECF No. 69. Unlike the Indictment and the First Superseding

1

Indictment, the Second Superseding Indictment now alleges that the January 6 "civil disorder" adversely affected "commerce and the movement of any article and commodity in commerce. . ." ECF No. 69, p. 2.[1]  The latest indictment also removes the § 1752 allegation, now known to be factually mistaken, that Vice President-elect Kamala Harris was present in the Capitol Building during the January 6 intrusion.  On November 15, the government informed the courtroom deputy that these were the only changes to the First Superseding Indictment.

Arguments not raised in opposition to a motion are forfeited, particularly where a party explicitly disclaims reliance on them.  *Kattan v. District of Columbia*, 995 F.2d 274, 276-78 (D.C. Cir. 1993); LCrR 47(b).  Here, the government had opportunities to rely on interstate commerce in support of its § 231(a)(3) charge at numerous points before and after Mostofsky's motion to dismiss was filed.  It could have charged that theory, but did not, in the Indictment and First Superseding Indictment.[2]  Presumably, the government elected not to do so because it did not possess confidence in such a claim.  It could also have amended its indictment to include Commerce Clause reliance before the close of briefing on Mostofsky's motion.

Mostofsky therefore requests that the Court resolve his § 231(a)(3) dismissal arguments without additional briefing.  The government should not be permitted to endlessly moot dismissal motion practice by amending its charges following the close of briefing, particularly where an amendment concerns a liability theory the government previously disclaimed.  Mostofsky asks the Court to bear in mind that the primary reason given for vacating his trial date

---

[1] The latest indictment is the third because the first indictment charged that the police vest allegedly stolen by Mostofsky was valued at more than $1,000.  Since government records showed that the vest was in fact valued at a fraction of that amount, the Second Superseding Indictment was returned.

[2] Conversely, that the government feels compelled to add a commerce theory to its indictment implies that it lacks confidence in its previous "federally protected function" argument.

2

at the government's request and tolling Speedy Trial Act deadlines was the pendency of his motion to dismiss. If the government is permitted to unilaterally reset briefing at will through continual adjustments to its indictment which it had previously forsworn, Mostofsky's speedy trial rights are meaningless.

At the least, Mostofsky requests that the Court resolve his arguments to dismiss the other charges without waiting for any additional briefing concerning § 231(a)(3), as the government has stated that the Second Superseding Indictment made no changes to its § 1512(c)(2) charge.

Dated: November 15, 2021                          Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Mostofsky*

**Certificate of Service**

I hereby certify that on the 15th day of November, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Graciela Lindberg
Assistant United States Attorney

      555 4th Street, N.W.
      Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

      /s/ David B. Smith
      David B. Smith, VA Bar No. 25930
      David B. Smith, PLLC
      108 North Alfred Street, 1st FL
      Alexandria, Virginia 22314
      (703) 548-8911 / Fax (703) 548-8935
      dbs@davidbsmithpllc.com