UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 21-cr-138 (JEB) |
| : | |
| AARON MOSTOFSKY, : | |
| Defendant : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S NOTICE OF POSITION REGARDING GOVERNMENT'S FILING OF SECOND SUPERSEDING INDICTMENT FOLLOWING BRIEFING ON HIS MOTION TO DISMISSS**

In his motion to dismiss (ECF47) Counts One, Two, Five and Six of the Superseding Indictment (ECF25), defendant Aaron Mostofsky argued that Count One, charging a violation of 18 U.S.C. § 231(a)(3), was defective because § 231 "exceeds Congress's Commerce Clause authority." ECF47 at 44-51. In its opposition, the government pointed out that this Court need not consider that argument because Count One did not allege that the offense affected Commerce, but rather that it affected only an alternative predicate, a federally protected function. ECF57 at 42-43. In other words, Mostofsky was attacking a theory of liability that the Superseding Indictment that did not charge.

On November 10, 2021, seven weeks after the government filed its opposition to Mostofsky's motion to dismiss the Superseding Indictment, the government obtained a Second Superseding Indictment, ECF69, which enlarged the charge in Count One to allege that the offense affected both Commerce and a federally protected function, *id*. at 1-2.

Mostofsky now contends that the government should be deemed to have waived its right to oppose Mostofsky's challenge to the Commerce predicate because it did not present a merits argument regarding that predicate that was

- 1 -

not part of this case. ECF71 at 2. In effect, he asks this Court to address the constitutionality of the Commerce predicate for the § 231 charge based only on his one-sided argument without giving the government an opportunity to respond. He provides no good reason why this Court should do so.

Mostofsky's contention that the government played fast and loose with the timing of the Second Superseding Indictment fails. ECF71 at 2-3. "A prosecutor may seek a superseding indictment at any time prior to a trial on the merits, ... so long as the purpose is not to harass the defendant." *United States v. Davis*, 854 F.3d 1276, 1291 (11th Cir. 2017) (quoting *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006)); *see also United States v. Smith*, 24 F.3d 1230, 1234 (10th Cir. 1994) ("a superseding indictment may be returned any time before trial on the merits of an earlier indictment"). A defendant bears "a heavy burden" in claiming that a delay in obtaining a superseding indictment was improper, "because it requires not only that [he] show actual prejudice, as opposed to mere speculative prejudice, but also that he show that any actual prejudice was substantial—that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." *United States v. Shealey*, 641 F.3d 627, 633–34 (4th Cir. 2011) (quoting *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996) *accord, United States v. Gomez-Rosario*, 418 F.3d 90, 108 (1st Cir. 2005); *see also United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003) (reversing dismissal of third superseding indictment that added a new charge because defendant did not meet his "heavy" burden to show that the government acted with "recklessness or intentional … misconduct").

Here, Mostofsky does not claim that the timing of the issuance of the Second Superseding Indictment will disrupt the preparation of his defense,

much less that it will cause "substantial prejudice." *See United States v. Scully*, 951 F.3d 656, 668-69 (5th Cir.) (rejecting a challenge to the timing of the second superseding indictment that was filed after depositions in Thailand had occurred, thus giving the Government a preview of the defense; defendant was not prejudiced because he had ample time to refine his defense), *cert. denied*, 141 S. Ct. 344, 208 L. Ed. 2d 79 (2020).

Mostofsky claims the government "previously disclaimed" a "liability theory" and should therefore be barred from seeking an amendment to the indictment asserting that theory. ECF71 at 2. He's wrong. The government never "disclaimed" the validity of the Commerce predicate by pointing out that the Superseding Indictment did not set forth that theory.

Mostofsky's citation to *Kattan v. District of Columbia*, 995 F.2d 274, 276-78 (D.C. Cir. 1993) is inapposite. There, the prevailing plaintiff in an action under the Education for all Handicapped Children Act sought attorney's fees for the legal services he himself provided, in addition to those of another attorney. In opposing that request, defendant argued only that the total fee request was too high, but not that a plaintiff could not recover fees for his own pro se legal work. It was only after the district court awarded fees for the plaintiff's own services that defendant first claimed that such an award was impermissible. The Court of Appeals held that defendant's failure to present that claim when it was first available during its initial opposition to the fee request amounted to a waiver. *Id*. at 276-78. Here, by contrast, until the government obtained the Second Superseding Indictment that charged the Commerce predicate for the first time, the issue of whether that predicate was properly pled was not before this Court and Mostofsky's challenge to the Commerce predicate in his Motion to Dismiss sought an improper advisory opinion.

Similarly meritless is Mostofsky's claim that the government has violated Mostofsky's Speedy Trial Act rights by "unilaterally reset[ing] briefing at will" by obtaining the Second Superseding Indictment. ECF71 at 2-3. If permitted by the Court, the government will promptly file its opposition to Mostofsky's challenge to the Commerce element. The Court will not have to adjourn Mostofsky's current trial date of January 24, 2022 by permitting the government to file its response. *Cf. Gregory*, 322 F.3d at 1161–65 (rejecting constitutional speedy trial challenge to timing of third superseding indictment).

Mostofsky's purported mind-reading that the government "elected not to" advance the Commerce theory in the Superseding Indictment "because it did not possess confidence in such a claim" is plainly not a proper basis to deprive the Government of its right to defend Count One of the Second Superseding Indictment against a claim that had no factual or legal basis until that indictment issued.

**Conclusion**

The government requests permission to file its opposition to Mostofsky's claim in his motion to dismiss, premature though it was at that point, that Count One of the Second Superseding Indictment fails to allege an offense regarding the Commerce predicate, within 14 days of today's date.

                            Respectfully submitted,
                            Matthew Graves
                            United States Attorney
                            D.C. Bar No. 481052

By:      s/ *Graciela R. Lindberg*
              Graciela R. Lindberg
              Assistant United States Attorney
              Bar No. TX 00797963
              11204 McPherson Road
              Suite 100A
              Laredo, TX 78045
              graciela.linberg@usdoj.gov
              (956) 721-4960

              s/Norman Gross
              Norman Gross
              Assistant United States Attorney
              New Jersey Bar No. 062722014
              401 Market Street
              Camden, NJ 08101
              norman.gross@usdoj.gov
              (862) 754-2196