UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-138 (JEB) |
| | : | |
| AARON MOSTOFSKY, | : | |
| Defendant | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMMERCE PREDICATE OF COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT**

In his "Second Motion To Dismiss Counts One, Two, Five And Six Of The Superseding Indictment," ECF47 ("Motion"), defendant Aaron Mostofsky argued that Count One, charging a violation of 18 U.S.C. § 231(a)(3), was defective because that statute "exceeds Congress's Commerce Clause authority." *Id*. at 44-51. In its initial opposition to the Motion, the government pointed out that Count One did not allege that the offense affected commerce, but rather affected only an alternative predicate, a federally protected function. ECF57 at 42-43. In other words, Mostofsky was attacking a theory of liability that the Superseding Indictment did not charge.

On November 10, 2021, seven weeks after the government filed its opposition, the government obtained a Second Superseding Indictment, ECF69. It enlarged the charge in Count One to allege that the offense affected both commerce and a federally protected function. *Id*. at 1-2. Mostofsky's challenge to the

commerce predicate of the § 213(a)(3) charge is now at issue in this case. He has elected not to present any additional arguments beyond those in his prior submission.

Mostofsky's attack on the commerce predicate is misdirected and meritless because Congress's power under the Commerce Clause is not at issue in this case. In addition to its limited power to regulate foreign and interstate commerce under U.S. Constitution, Article I, Section 8, Clause 3, Congress has plenary power under U.S. Constitution, Article I, Section 8, Clause 17, to legislate regarding matters affecting the District of Columbia. Congress exercised its Clause 17 power in 18 U.S.C. 231(a)(3), which prohibits, *inter alia*, obstructing police officers performing their official duties during a civil disorder which has "any effect whatsoever" on commerce "within the District of Columbia." *See* 18 U.S.C. § 232(2)(C).

In his motion to dismiss, Mostofsky does not address Congress's Clause 17 power, but only its power to regulate interstate commerce under Clause 3. Congress's power under Clause 3, unlike its power under Clause 17, is bounded by the power of every state to regulate wholly intrastate commerce. Congress's Clause 17 power to regulate not only commerce but matters within the government's police powers with respect to the District of Columbia is not constrained by the power of the states. Mostofsky's Commerce Clause challenge to the § 231(a)(3) charge for

conduct he committed wholly inside the District of Columbia is therefore wholly beside the point.

Additionally, as the only courts to have directly addressed the issue to date have held, § 231(a)(3) does not exceed Congress's Commerce Clause power.

## Argument

**A.     Mostofsky's Commerce Clause Challenge To The § 231(A)(3) Count Is Beside The Point: Congress Had Authority To Prohibit His Conduct Inside The District Of Columbia Pursuant To Article I, Section 8, Clause 17.**

Mostofsky contends that "Section 231(a)(3) exceeds Congress's Commerce Clause authority." Motion 43. He relies principally on *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000). Those cases held that Congress exceeded its authority under the Commerce Clause by enacting the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q)(1)(A), *Lopez*, 514 U.S. at 568, and the Violence Against Woman Act of 1994, 42 U.S.C. § 13981(b), *Morrison*, 529 U.S. at 617. *See* Motion at 44-49.

This claim fails. Regardless of whether § 231(a)(3) exceeds Congress's power under the Commerce Clause—and it does not, *see infra* at 9-12—for cases such as Mostofsky's involving criminal conduct committed wholly within the District of Columbia, that statute fits comfortably within Congress's power under Article I, Section 8, Clause 17. It states

> The Congress shall have Power ... To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States….

U.S. Const. Art. I, § 8, Cl. 17.

Congress's power under Clause 17 "is plenary." *Palmore v. United States*, 411 U.S. 389, 397 (1973). *See also Hyde v. S. Ry. Co.*, 31 App. D.C. 466, 469 (D.C. Cir. 1908) ("The legislative power of Congress over the District of Columbia and the Territories [is] plenary, and [is] not depending upon the interstate-commerce clause"). "Not only may statutes of Congress of otherwise nationwide application be applied to the District of Columbia, but Congress may also exercise all the police and regulatory powers which a state legislature or municipal government would have in legislating for state or local purposes." *Palmore*, 411 U.S. at 397. "Congress may legislate within the District for every proper purpose of government," and "[w]ithin the District of Columbia, there is no division of legislative powers such as exists between the federal and state governments." *Neild v. D.C.*, 110 F.2d 246, 249 (D.C. Cir. 1940) (citing *Kendall v. United States ex rel. Stokes*, 37 U.S. 524 (1838); *Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427 (1932); and *O'Donoghue v. United States*, 289 U.S. 516 (1933)). "[W]hen it legislates for the District, Congress … exercise[s] complete legislative control as contrasted with the limited power of a state legislature, on the one hand, and as

contrasted with the limited sovereignty which Congress exercises within the boundaries of the states, on the other." *Neild*, 110 F.2d at 250-51.

By enacting § 231(a)(3), Congress relied on its Clause 17 power with respect to the District of Columbia. That statute prohibits "any act" that "obstruct[s], impede[s], or interfere[s] with any … law enforcement officer … engaged in [his] official duties incident to and during the commission of a civil disorder which *in any way or degree* obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 231(a)(3)(emphasis added). "Commerce," as used in § 231(a)(3), "means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) *wholly within the District of Columbia*." 18 U.S.C. 18 U.S.C.A. § 232(2) (emphasis added).

Here, Count One of the Second Superseding Indictment charges that Mostofsky "obstructed and attempted to obstruct a law enforcement officer … incident to a civil disorder" that "adversely affected" "in any way or degree" "commerce," meaning, *inter alia*, commerce "wholly within the District of Columbia." Regardless of whether Congress had authority under the Commerce Clause to regulate such conduct in jurisdictions other than the District of Columbia,

it did not and could not exceed its "plenary authority" to exercise "police power" within the District of Columbia. *See generally Darnell v. Markwood*, 220 F.2d 374, 375–77 (D.C. Cir. 1954) (reversing dismissal of complaint under the Sherman Act, 15 U.S.C. §§ 1, 2, and 3, alleging that defendants "restrain[ed] interstate trade and commerce, and trade and commerce in the District" of Columbia; although defendants' activities wholly within the District of Columbia "do not come within the control of the Commerce Clause, or, therefore, within either Sections 1 or 2 of the Sherman Act," "Section 3 … is not dependent upon the Commerce Clause but rests upon the plenary legislative power of Congress within the District of Columbia"). "Congress 'may exercise within the District all legislative powers that the legislature of a state might exercise within the State … so long as it does not contravene any provision of the constitution of the United States.'" *Palmore*, 411 U.S. at 397 (quoting *Capital Traction Co. v. Hof*, 174 U.S. 1, 5 (1899)). Mostofsky fails to identify any Constitutional provision that § 231(a)(3)'s enactment would or does violate.

In *Lopez* and *Morrison*, the Court stressed how Congress's Commerce Clause power was cabined by the retained authority of the states to regulate commerce wholly within their borders. "The Constitution requires a distinction between what is truly national and what is truly local." *Morrison*, 529 U.S. at 617-28 (citing *Lopez*,

514 U.S., at 568); *Lopez*, 514 U.S. at U.S. at 559 ("the proper test [for the scope of Congress's power under the Commerce Clause] requires an analysis of whether the regulated activity 'substantially affects' interstate commerce"); *id*. at 564 ("if we were to accept the Government's arguments [that the Gun Free Schools Zone Act did not exceed Congress's powers under the Commerce Clause], we are hard pressed to posit any activity by an individual that Congress is without power to regulate").

Additionally, Congress may not "regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." *Morrison*, 529 U.S. at 617. "The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States." *Id*. at 616. By contrast "the power of Congress under Clause 17 permits it to legislate for the District in a manner with respect to subjects that would exceed its powers, or at least would be very unusual, in the context of national legislation enacted under other powers delegated to it under Art. I, § 8." *Palmore*, 411 U.S. at 397-98.

Because Clause 17, rather than Clause 3, provided Congress with plenary authority to prohibit conduct that had any effect whatsoever on commerce within the District of Columbia, all of Mostofsky's challenges to the commerce element of § 231(a)(3) are beside the point, because all are grounded upon limitations on

- 7 -

Congress's power under Clause 3. *See* ECF47 at 45 ("Section 231(a)(3) does not substantially affect interstate commerce"); *id*. at 46 ("Section 231(a)(3) does not regulate economic activity"); *id*. at 47 ("The jurisdictional element of § 231(a)(3) does not limit its reach to activities that substantially affect interstate commerce"); *id*. at 49 ("Congress did not find that § 231(a)(3)'s activities substantially affect interstate commerce"); *id*. at 50 ("The relationship between § 231(a)(3)'s activities and any effect on interstate commerce is too attenuated").

Indeed, even for criminal statues with nation-wide application that do not single out commerce within the District for special protection, as § 232(2)(C) does with respect to § 231(a)(3), Commerce Clause challenges to prosecutions for crimes occurring wholly within the District must fail. *See United States v. Mahdi*, 598 F.3d 883, 896 (D.C. Cir. 2010) (rejecting claim that VICAR, 18 U.S.C. § 1959, "is facially unconstitutional as it violates the Commerce Clause"; "[I]t is impossible to see how a statute regulating conduct within the District of Columbia could exceed congressional authority under the Commerce Clause"). *See id*. ("Even if there were some doubt about § 1959's constitutionality outside the District of Columbia, 'we need not find the language of [§ 1959] constitutional in all its possible applications in order to uphold its facial constitutionality.'") (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 104 (1971)); *accord United States v. Carson*, 455 F.3d 336, 368 (D.C.

Cir. 2006) ("Within the District, Congress did not need to rely on its Commerce Clause authority."). All the more reason why this Court should reject Mostofsky's challenge to the commerce predicate in the § 231(a)(3) count, where Congress expressly targeted domestic disorders that affected commerce within the District.

**B.    Mostofsky's Commerce Clause Challenge To The § 231(a)(3) Charge Is Also Meritless In Its Own Right.**

Although this Court need not reach the issue, the district courts that have addressed claims like Mostofsky's, based on *Lopez* and *Morrison*, have held that § 231(a)(3) *does not* exceed Congress's Commerce Clause authority, even when applied to conduct outside the District of Columbia. *See United States v. Phomma*, 2021 WL 4199961, at *2-3 (D. Or. Sept. 15, 2021) (notwithstanding *Lopez* and *Morrison*, "§ 231(a)(3) is within Congress's Commerce Clause authority because the statute includes an express jurisdictional element, requiring that the defendant's obstruction or interference with a law enforcement officer or firefighter must occur 'during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce.'"); *accord, United States v. Howard*, 2021 WL 3856290, at *11 (E.D. Wis. Aug. 30, 2021); *United States v. Wood*, 2021 WL 3048448, at *4–6 (D. Del. July 20, 2021); *United States v. Pugh*, 1:20-cr-00073-TFM-B, ECF95 at 7-11 (S.D. Ala., May 13, 2021); *see generally United States v. Huff*, 630 F. App'x 471, 484-85 (6th Cir. 2015) (unpublished) (rejecting Commerce

Clause challenge to a charge of transporting a firearm in furtherance of a civil disorder, in violation of 18 U.S.C. § 231(a)(2)).

In both *Lopez* and *Morrison*, the challenged statutes contained no "jurisdictional element" that required the Government to prove that the offense conduct affected interstate commerce. *Lopez*, 514 U.S. at 561-62 (Gun Free Schools Zone Act "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce," in contrast to former 18 U.S.C. § 1202(a), "which made it a crime for a felon to 'receiv[e], posses[s], or transpor[t] in commerce or affecting commerce ... any firearm"); *Morrison*, 529 U.S. at 613 (Violence Against Women Act, "[l]ike the Gun–Free School Zones Act at issue in *Lopez*, … contains no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce"; "Congress elected to cast § 13981's remedy over a wider, and more purely intrastate, body of violent crime").

Unlike those statutes, § 231(a)(3) has an "explicit jurisdictional element" that requires the Government to prove that the offense conduct interfered with interstate commerce. *Howard*, 2021 WL 3856290, at *11 ("defendant's reliance on *Lopez* and *Morrison* is misplaced. The statutes struck down in those cases did not have jurisdictional requirements. Section 231(a)(1) does."); *Wood*, 2021 WL 3048448, at

*4-6 (rejecting defense claim, based on *Morrison* and *Lopez*, that "§ 231(a)(3) unconstitutionally exceeds Congress's authority and intrudes into the States' primary role in general law enforcement because it broadly applies to purely local conduct and requires only an attenuated connection to interstate commerce"; "courts have held that 'despite *Lopez* and *Morrison*, the Government need only show a minimal effect on interstate commerce when the statute contains an explicit jurisdictional element'") (quoting *Pugh*, 1:20-cr-00073-TFM-B, ECF95 at *9 and citing *United States v. Kukafka*, 478 F.3d 531 (3d Cir. 2007) (upholding "Deadbeat Parents Act" where the statute contains an explicit jurisdictional element limiting its reach to only interstate activity).

Contrary to Mostofsky's contention that Congress's power under the Commerce Clause does not allow it to regulate non-commercial criminal activity, Motion at 46-47, "under the Commerce Clause, Congress may proscribe violent conduct when such conduct interferes with or otherwise affects commerce over which Congress has jurisdiction." *United States v. Hill*, 927 F.3d 188, 193 (4th Cir. 2019), *cert. denied*, 141 S. Ct. 272 (2020) (federal Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249(a)(2), "may be constitutionally applied to an unarmed assault of a victim engaged in commercial activity at his place of work"). And contrary to Mostofsky's contention that Congress's power under the Commerce Clause applies

only to conduct that has a "substantial effect" on interstate commerce, Motion at 47-50, "Congress may regulate violent conduct interfering with interstate commerce even when the conduct itself has a 'minimal' effect on such commerce." *Id*. (citing *Taylor v. United States*, 579 U.S. 301, 136 S. Ct. 2074, 2081-82 (2016) (upholding Hobbs Act conviction for robbery of a drug dealer; "where the target of a robbery is a drug dealer, proof that the defendant's conduct in and of itself affected or threatened commerce is not needed. All that is needed is proof that the defendant's conduct fell within a category of conduct that, in the aggregate, had the requisite effect.")).

For that reason as well, this Court should reject Mostofsky's challenge to the commerce predicate in § 231(a)(3), as charged in Count One of the Second Superseding Indictment.

## Conclusion

For those reasons, the government respectfully requests that this Court deny Mostofsky's challenge to the commerce predicate of Count One.

                          Respectfully submitted,

                          Matthew M. Graves
                          United States Attorney
                          D.C. Bar No. 481052

By:   s/ Graciela R. Lindberg
        Assistant United States Attorney
        Bar No. TX 00797963
        11204 McPherson Road, Suite 100A
        Laredo, Texas 78045
        graciela.linberg@usdoj.gov
        (956) 721-4960

        s/ Michael J. Romano
        Trial Attorney, Detailee
        IL Bar No. 6293658
        555 4th Street, N.W.
        Washington, DC 20530
        michael.romano@usdoj.gov
        (202) 307-6691

        s/ Norman Gross
        Assistant United States Attorney
        New Jersey Bar No. 062722014
        401 Market Street
        Camden, NJ 08101
        norman.gross@usdoj.gov
        (862) 754-2196