UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00138-JEB |
| | : | |
| AARON MOSTOFSKY, | : | |
| | : | |
| Defendant. | : | |

SUPPLEMENTAL MOTION IN LIMINE REGARDING
AUTHENTICATION OF CONGRESSIONAL VIDEO AND OTHER EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following supplemental motion in limine regarding the authentication of video evidence at trial. The government anticipates introducing video footage of some of the Congressional Electoral College certification proceedings up to the point when the rioters breached the Capitol Building, and after they reconvened to finish the Electoral College certification hours later. The government further anticipates introducing documentary evidence from the Congressional Record, approved and signed Congressional Resolutions concerning the Electoral College Certification Process, and the actual constitutional and statutory authority for the Electoral College Certification proceedings, of which the Court can take Judicial Notice. This motion supplements government's *limine* motion regarding authentication of video evidence. (Dkt. 84.)

I.      BACKGROUND

On January 6, 2021, Congress assembled in a Joint Session at the United States Capitol to declare the winner of the 2020 presidential election by reviewing and certifying the Electoral College ballots. The defendant was aware of this proceeding, and he wanted to stop it.

The United States Senate has an affiliated entity called the Senate Recording Studio that contemporaneously records Senate proceedings and distributes those recordings to the public. *See* https://floor.senate.gov/MediaPlayer.php?view_id=2&clip_id=399, last accessed Dec. 16, 2021:



The Senate Recording Studio recorded the proceedings relating to the Electoral College Certification on January 6, 2021 up to the point when the rioters breached the Capitol Building itself and the Senate was forced into recess. *See id*. Subsequently, the Senate Recording Studio recorded the Electoral College Certification process after the rioters were cleared from the Capitol Building and the session resumed. *See id*. In addition, the Senate recording studio recorded rioters who were present on the Senate floor during the recess.

II.  **ARGUMENT**

    A.   **Judicial Notice of Federal Electoral College Certification Law**

The government requests that the Court take judicial notice of, and admit into evidence,

2

copies of Article II, Section 1 of the Constitution of the United States, the Twelfth Amendment, and 3 U.S.C. §§ 15-18 relating to the Electoral College Certification Official Proceedings. *See* Exhibits 1, 2, 3, 4, 5, and 6. The proceedings that took place on January 6, 2021 were mandated by, and directed under the authority of, several constitutional and federal statutory provisions. In fact, as Vice President Pence gaveled the Senate to Order on January 6, 2021 to proceed with the Electoral College Certification Official Proceeding, he quoted directly from, and cited to, 3 U.S.C. § 17. It is well established that district courts may take judicial notice of law "without plea or proof." *See United States v. Davila-Nieves*, 670 F.3d 1, 7 (1st Cir. 2012). The government makes this request even though the District of Columbia Court of Appeals has said that "[i]nsofar as the requests pertain to public laws, no motion is required in order for the court to take judicial notice." *See Moore v. Reno*, No. 00-5180, 2000 U.S. App. LEXIS 35425; 2000 WL 1838862 (D.C. Cir., Nov. 14, 2000). Further, "where a federal prosecution hinges on an interpretation or application of state law, it is the district court's function to explain the relevant state law to the jury." *See United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 49 (1st Cir. 2004).

      **B.**     **Authentication of Congressional Video**

On January 6, 2021, much of the proceedings taking place on the Senate, and House, floor was recorded contemporaneously by the Senate Recording Studio. The Senate Recording Studio's purpose is to serve the Senate. The Broadcast Studio is comprised of Senate TV, Hearing Rooms, and a Studio function. Senate TV is comprised of eight cameras which record activity occurring on the Senate floor. This footage is also broadcast through the Cable-Satellite Public Affairs Network (CSPAN). The Senate Studio can also capture contemporaneous footage of the House of Representative proceedings, used for broadcast, when there are joint sessions of Congress. The

Senate Recording Studio recorded at least three events relevant to this trial: Vice President Michael Pence gaveling the session to order and reading from Senate Congressional Resolution 1 and 3 U.S.C. § 17 in conjunction with the official proceedings of the Electoral College Certification; the Senate being gaveled into recess, and resulting evacuation of the Senate Floor Chamber, after rioters breached the building; and the Joint Session of Congress reconvening to finish the Electoral College Certification hours later, after the rioters were cleared from the U.S. Capitol. Screen captures of those events are shown below:

Electoral College Certification Proceedings:

 

Senate Floor when Rioters Enter the Capitol Building:

 

Joint Session when Congress Reconvenes:



The first clip is less than one minute, and the two remaining clips are approximately three minutes in length.

### 1. Authentication under Rule 901

The video clips of the Senate and Joint Session proceedings are authenticated under Federal Rule of Evidence 901.[1] Diego Torres is a broadcast technician who works at the Senate Recording Studio. Mr. Torres was present on January 6, 2021 and worked to preserve the integrity of the video. He has reviewed the video feed and attests to its authenticity and accuracy. See declaration of Diego Torres, attached as Exhibit 7. That alone is sufficient to authenticate the video footage. *See Rembert*, 863 F.2d at 1026. And, as his declaration makes, clear, the video system is a closed system and not subject to outside influences or manipulation.

---

[1] To avoid repetition of its analysis of Rule 901, the government relies on the discussion of authentication in its earlier motion in limine. (Dkt. 84 at 1-5.)

5

### 2.     Self-authentication under Rule 902

The Congressional videos are self-authenticating and should be admitted on that basis. Federal Rule of Evidence 902 governs the authentication of evidence that is "self-authenticating." Rule 902 provides, in part, that:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
>   . . .
>
> (11) Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.   . . .
>
> (13) Certified Records Generated by an Electronic Process or System. A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902. Pursuant to Rule 902, the government hereby give notice of its intent to offer the records and submits that the videos are self-authenticating under Rule 902 (11) and (13). See Certification of Diego Torrez, attached as Exhibit 7.

The video footage is also self-authenticating under Federal Rule of Evidence 902(5). Federal Rule of Evidence 902(5) provides, in part, that:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> . . .
>
> (5) Official Publications. A book, pamphlet, or other publication purporting to be issued by a public authority

Fed. R. Evid 902. The video feed from which the clips are taken are available on the Senate.gov website. *See* https://floor.senate.gov/MediaPlayer.php?view_id=2&clip_id=3993, last accessed on Oct. 20, 2021. Moreover, the declaration of Diego Torres from the Senate Recording Studio establishes the video as an official publication. It is well established that materials found on a government public website are self-authenticating under Federal Rule of Evidence 902(5). *See Williams v. Long*, 585 F. Supp. 2d 679 (D. Md. 2008). *See also Singletary v. Howard Univ.*, No. 1:17-cv-01198, 2018 U.S. Dist. LEXIS 164945, 2018 WL 4623569 (D.D.C., Sept. 26, 2018), *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486 (S.D.N.Y. 2017) (Congressional transcripts self-authenticating under Rule 902(5).

### 3. Rule 104 Offer of Proof in Support of Authentication

The government offers significant evidence in support of authenticity pursuant to Federal Rule of Evidence 104. Rule 104 provides, in part, that:

> (a) In General. The court must decide any preliminary question about whether a witness is qualified, a privilege exists, ***or evidence is admissible***. In so deciding, the court is not bound by evidence rules, except those on privilege.

Fed. R. Evid. 104(a) (emphasis added). The government proffers the Exhibits attached establish the authenticity of the proffered evidence. *See United States v. Demosthene*, 326 F. Supp. 2d 531 (S.D. N.Y. 2004) ("When ruling on the admissibility of evidence, a court is not bound by the federal rules of evidence and may rely upon hearsay and other reliable evidence.").

### 4. Third Party Authentication – Witnesses Can Authenticate the Video

Any person who witnessed the events depicted in a photograph, or recorded in a video, can authenticate the evidence. Courts have ruled that "the evidentiary foundation 'may, but need not be, supplied by the person taking the photograph ***or by a person who witnessed the event being***

7

*recorded*.'" *Taylor v. Sullivan,* 2:18-cv-0637, 2019 U.S. Dist. LEXIS 73008, *22 (E.D. CA April 29, 2019) (emphasis added); *see also United States v. Blackwell*, 694 F.2d 1325, 1330 (D.C. Cir. 1982) (police officer present during search and seizure of photograph properly authenticated photograph). The District Court in *Taylor* went on to emphasize that a stricter rule:

> would ignore a fundamental principle underlying authentication . . . . In making the initial authenticity determination, the court need only conclude that *a prima facie* showing has been made that the photograph is an accurate representation of what it purports to depict. The ultimate determination of the authenticity of the evidence is for the trier of fact, who must consider any rebuttal evidence and balance it against the authenticating evidence in order to arrive at a final determination on whether the photograph, in fact is authentic.

*Id*. Here, any witness present during the events recorded, or photographed, can testify that the events recorded or photographed appear to accurately show the events that took place. That threshold showing is sufficient to authenticate any video recording or photograph, with the finder of fact left to determine what weigh should be given to the evidence.

Moreover, any of the individuals depicted in the videos can authenticate the video, even if they do not have an independent recollection of the encounter. *Penn v. Detweiler*, No. 1:18-CV-00912, 2020 U.S. Dist. LEXIS 38634, 2020 WL 1016203 (E.D. PA, Jan. 22, 2020). *See also Vazquez v. City of Allentown*, 689 F. App'x 695, 700 (3d Cir. 2017).[2]

### C.    Authentication of the Congressional Record and S. Con. Res 1

The Congressional proceedings on January 6, 2021 were also memorialized in the Congressional Record. The Congressional Record is also a public record under Federal Rule of Evidence 902(5). *See MMA Consultants 1, Inc. v. Republic of Peru,* 245 F. Supp. 3d 486 (S.D.N.Y.

---

[2] The government may also offer similar evidence from the House Recording Studio. See declaration of Douglas Massengale, attached as Exhibit 8. The government submits that the same principles would support the authentication of any such evidence.

2017) (Congressional transcripts self-authenticating under Rule 902(5). The government intends to introduce portions of the Congressional Record at trial.

WHEREFORE, the government respectfully requests that this Court grant the motion for a pre-trial determination that the aforementioned exhibits are authentic and the Federal Rules of Evidence and admissible at trial.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: */s/ Michael J. Romano*
Trial Attorney, Detailee
IL Bar No. 6293658
555 4th Street, N.W.
Washington, DC 20530
michael.romano@usdoj.gov
(202) 307-6691

*/s/ Graciela R. Lindberg*
Assistant United States Attorney
Bar No. TX 00797963
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
graciela.linberg@usdoj.gov
(956) 721-4960