UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-138-JEB ) |
| AARON MOSTOFSKY, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT MOSTOFSKY'S MOTION FOR AN ORDER DIRECTING BUREAU OF PRISONS TO PERMIT LEGAL CALLS**

In seeking a sentence of fifteen months' incarceration in this case, the government represented that Defendant Mostofsky "assault[ed] police officers" as he made his way into the Capitol Building on January 6. Gov't Mem., ECF No. 100, p. 3. That was not true. However, a bona fide assault has occurred in this matter. Mostofsky was assaulted in the prison where the government urged the Court to send him. Choked and kicked by another inmate, his face is now covered with scratches and scars.

The government is responsible for this actual assault in more ways than one. Mostofsky was initially assigned to the minimum-security facility at Otisville, New York. But before entering the facility he was held in a Special Housing Unit (SHU), i.e., solitary confinement. Initially this placement appeared to be pursuant to BOP's Covid-19-related quarantine policy. As his time in the SHU stretched over several weeks it became clear there was some other reason. Mostofsky was at length advised by a corrections officer that, because his conviction related to the events of January 6, BOP had assigned him a "public safety factor" that prohibited his placement in a minimum-security facility. A counselor helping the Defendant replied that this must be a mistake, as public safety factors are ordinarily assigned to defendants with

1

convictions for crimes of violence; here, the Court's opinion denying Mostofsky's motion to dismiss the charge on which his felony conviction rests, 18 U.S.C. § 231(a)(3), turned in part on a finding that a civil disorder offense does not require the government to prove the defendant's use of force or violence as an element of the crime. *United States v. Mostofsky*, 2021 U.S. Dist. LEXIS 243335, at *28 (D.D.C. Dec. 21, 2021).[1]

    Nevertheless, Mostofsky was reassigned to FCI Danbury. Yet even after he was transported to that facility, he remained isolated in the SHU, for reasons that are unclear. In total, Mostofsky has spent over seven weeks in isolation. Last week, his family advised counsel that Mostofsky had been assaulted by another inmate, that he had cuts all over his face, that he had been choked and that he had a broken toe. Counsel attempted to set up a legal call with the Defendant. He left three voicemail messages with Mostofsky's prison counselor and sent a series of emails to Danbury's executive assistant. The messages informed the prison that Mostofsky had been assaulted and needed a legal call to explore potential relief.

    Counsel's voicemail messages were not returned. Several days after counsel had first contacted the facility, the executive assistant responded to his emails on Friday, July 29. The prison would not give Mostofsky any date and time for a legal call but counsel could always come visit the prison in person:

> Good afternoon, legal visits are available here at FCI Danbury. They can be scheduled through Mr. Mostofsky's Unit Team. All calls received at FCI Danbury go through our Screening Site, they cannot be transferred to any personal voicemails, without being properly screened first. An email is better for scheduling purposes.

---

[1] Whether an offense constitutes a "crime of violence" turns on the categorical approach, i.e., whether the elements of the crime require the use of force, not on whether the facts in the particular case involved force. *E.g.*, *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019); *United States v. Jenkins*, 849 F.3d 390, 393-94 (7th Cir. 2017).

In an email response sent the same day, counsel noted that his office is in a different state and that he understood the prison's message to mean that Mostofsky will not be permitted a legal call. Counsel also noted that because he could not speak to Mostofsky, the prison should advise counsel whether or not Mostofsky was assaulted at the facility. Danbury's executive assistant has not responded as of the filing of this motion.

Counsel has never seen a federal prison refuse to permit one of its inmates a legal call. Mostofsky moves the Court for an order directing FCI Danbury to allow the Defendant to make a phone call to his counsel, on a secure legal line, as soon as possible. The purpose of the call is to collect the facts relating to his assault and to explore potential relief.

Dated: August 1, 2022                                   Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
1123 Broadway
Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Aaron Mostofsky*

**Certificate of Service**

I hereby certify that on the 1st day of August, 2022, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Graciela Lindberg
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
1123 Broadway
Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com